JULIA A. FOSTER, ELIZABETH LOW, SARAH M. LEAVINS AND
FRANCES HILL v. ROBERT F. HILL.

*Deed—Evidence of delivery—Exclusion of evidence—Uncertainty in bill of
complaint—Costs.*

1. The grantee's possession of a deed tends to prove its delivery.

2. On appeal in chancery the Supreme Court will exclude from consid-
eration all evidence that was objected to below as being equally
known to a deceased opponent.

3. A bill to remove from complainant's title a cloud caused by the fraudu-
lent procurement of a deed is open to criticism if it does not show
whether the charge against defendent is one of forgery, or of the pro-
curement of a genuine signature to a genuine deed by fraud prac-
ticed on the grantor.

4. Costs were withheld on the dismissal of a bill charging defendant with
the forgery or fraudulent procurement of a deed where defendant's
conduct had been such that complainants were not entirely unwar-
ranted in filing the bill.

Appeal from Kalamazoo. (Mills, J.) Oct. 16.—Jan. 14.

BILL to clear title. Defendant appeals. Reversed.

*Fraser & Gates* for complainants.

*Robert F. Hill,* in person, *Henry F. Severens* and *O. W. Powers* for defendant. Where relief is sought on the ground of fraud the charges should not be general but the facts and circumstances upon which the charge is founded should be fully and specifically stated : Puterbaugh Pl. & Pr. 21 ; Story's Eq. Pl. § 251 ; *Magniac v. Thomson* 2 Wall. Jr. 209 ; *Tong v. Marvin* 15 Mich. 64 ; Kerr on Fraud and Mistake 365 ; *Hovey v. Holcomb* 11 Ill. 661 ; *Newell v. Bureau Co.* 37 Ill. 257 was a case where the bill which charged fraud in general terms as in this bill, was demurred to and the demurrer sustained, because it did not show the facts on which the charges were predicated, consequently it would be impossible to answer them : *Gouverneur v. Elmendorf* 5 Johns. Ch. 79 ; *Kennedy v. Kennedy* 2 Ala. 571 ; *McCaleb v. Peery* 5 Hayw. (Tenn.) 88 ; *Pendleton v. Galloway* 9 Ohio 178 ; *Marr's Appeal* 78 Penn. St. 66 ; there is no allegation in the bill that the deed in question was procured with intent to defraud any one : see *Booth v. Booth* 3 Litt. 57.

CHAMPLIN, J.   The bill in this case is filed to remove a cloud upon complainant's title.   Clarissa Hill is the widow, and the other complainants are children, of Oliver C. Hill, who died on the 13th day of February, A. D. 1883.   The defendant is a son of the deceased.   The bill of complaint states that Oliver C. Hill was, at the time of his death, the owner in fee of the southeast quarter of the northeast quarter of section 19, in township 4 south, range 9 west, and was in the actual possession thereof at the time of his death, and that he was also the owner in fee of the northeast quarter of the southeast quarter of section 4, in township 21 north, range 10 west, which is improved land, not in the possession of said Robert F. Hill or any other person ; that they are in the actual possession of the first-described parcel, and claim to be the legal and equitable owners of both parcels, as heirs at law of said Oliver C. Hill, deceased ; that defendant, Robert F. Hill, is insolvent, and was indebted to said Oliver C. Hill at the time of his death in the sum of more than $5000, for which he had given his promissory notes to said Oliver C. Hill, dated April 4, 1882.

We quote the statements contained in the tenth, eleventh,

twelfth, thirteenth, fourteenth, fifteenth, twenty-first and twenty-second paragraphs of the bill, entire, as follows:

*Tenth.* And your oratresses further show that the said Robert F. Hill has in his possession a certain pretended deed, bearing date the said 4th day of April, A. D. 1882, and purporting to be executed by the said Oliver C. Hill, deceased, and grantor to the said Robert F. Hill as grantee, and purporting to convey from the said Oliver C. Hill to the said Robert F. Hill both of the aforesaid pieces or parcels of land, and the said Robert F. Hill sets up a claim that the said paper writing is the deed of the said Oliver C. Hill, and pretends that on the said 4th day of April, in the year 1882, the said Oliver C. Hill, deceased, sold both of the said pieces or parcels of land to him, the said Robert F. Hill, for the consideration of about five thousand dollars, and that thereupon the said Oliver C. Hill made and executed the said pretended deed and delivered the same to him, the said Robert F. Hill, and thereby conveyed to him, the said Robert F. Hill, both the pieces or parcels of land aforesaid, and by virtue thereof the said Robert F. Hill now claims and pretends to own both of the pieces or parcels of land aforesaid.

*Eleventh.* Whereas, your oratresses expressly charge that the said claims and pretenses of the said Robert F. Hill are false; that the said pretended deed is not the deed of the said Oliver C. Hill, deceased; that the same was never made nor delivered by him; that the said Oliver C. Hill, deceased, never sold nor conveyed the said pieces or parcels of land, or either of them, to the said Robert F. Hill; and that the said pretended deed is false, fraudulent, and invalid, and a cloud upon the said title of your oratresses to the said pieces or parcels of land, and a fraud upon their rights thereto as the homestead as aforesaid of your oratrix, Clarissa Hill.

*Twelfth.* And your oratresses expressly show and charge, upon information and belief, that on the said 4th day of April the said Robert F. Hill was, and for a long time prior thereto had been, utterly insolvent, and not possessed of property sufficient to pay his debts to the said Oliver C. Hill, deceased, as he, the said Oliver C. Hill, deceased, then well knew; and also that the said Robert F. Hill was then wholly unable to buy or pay for the said pieces or parcels of land, and the said Oliver C. Hill then already held promissory notes made by the said Robert F. Hill, as aforesaid, for sums aggregating many thousands of dollars; and also that the said Oliver C. Hill continued, until the time of his death as aforesaid, in the

actual possession and occupation of the piece or parcel of land first above described, claiming to own the same, and using and dealing with the same as owner; that the said Robert F. Hill never, until after the death of the said Oliver C. Hill, set up any claim to the said pieces or parcels of land, or recorded the said pretended deed, but on the contrary thereof, in various ways and at different times after the said 4th day of April, admitted and acknowledged the title of the said Oliver C. Hill to the said pieces or parcels of land ; and although in great financial embarrassment, in great need of money, and making great efforts to raise money, the said Robert F. Hill never, to the knowledge or belief of your oratresses, offered or attempted to dispose of or incumber the said pieces or.parcels of land or either of them, although, as your oratresses are informed and believe, frequently attempting without success to borrow money, because he, the said Robert F. Hill, had no security to give therefor.

*Thirteenth.* And your oratresses further show that the said Robert F. Hill sometimes pretends that he paid for the said pieces or parcels of land by making and delivering to the said Oliver C. Hill the promissory note mentioned in the above paragraph of this bill of complaint marked (5), whereas in truth and in fact, the said promissory notes were given by the said Robert F. Hill to the said Oliver C. Hill, deceased, for debts which the said Robert F. Hill was then, and for a long time previous thereto had been, owing to the said Oliver C. Hill, deceased.

*Fourteenth.* Your oratresses further show that after the death of the said Oliver C. Hill, deceased, the said Robert F. Hill at first falsely pretended that the said pretended deed was a conveyance to him, the said Robert F. Hill, of all the real and personal property of which the said Oliver C. Hill, deceased, died possessed, and tried to induce your oratresses to settle with him, the said Robert F. Hill, upon that basis.

*Fifteenth.* And your oratresses Elizabeth Low, Sarah M. Leavins and Frances Hill, upon their own knowledge, and your oratresses Julia A. Foster and Clarissa Hill, upon information and belief, show that on or about the 20th day of February last the said Robert F. Hill admitted to your oratresses Elizabeth Low, Sarah M. Leavins and Frances Hill that the said pretended deed had been made in trust for your oratresses and to avoid partition proceedings.

*Twenty-first.* Your oratresses therefore pray that the said pretended deed may, by the decree of this honorable court, be adjudged and decreed to be set aside, annulled and held for

naught, and that said Robert F. Hill may be decreed as aforesaid to deliver the said deed up to be canceled as a cloud upon the title of your oratresses to the said pieces or parcels of land, and that the said Robert F. Hill may, by the decree of this honorable court, be required and compelled to execute and deliver to your oratresses such deed or deeds of conveyance or other instruments as may be necessary to free, clear and remove from the title of your oratresses to the said pieces or parcels of land the cloud caused and produced by the said pretended deed.

*Twenty-second.* And that the said Robert F. Hill, his counselors, attorneys, solicitors, trustees, agents, and servants, and each and every one of them, may be enjoined and restrained from selling, assigning, transferring, incumbering, or in any manner disposing of or intermeddling with the said described pieces or parcels of land, or either of them, or the title thereto, or the quiet and peaceable possession thereof of your oratresses, or either of them, or of any person holding by, through or under them, or either of them, and from commencing or prosecuting any suit or proceeding at law to obtain the possession of the said pieces or parcels of land, or either of them, or any part thereof; and from causing or permitting the said pretended deed to be recorded in the office of the register of deeds, either for the said county of Kalamazoo or for the said county of Wexford. And that your oratresses may have such further relief or may have such other relief in the premises as the nature of their case may require, and as shall be agreeable to equity and good conscience."

The answer of defendant, which was without oath, was as follows :

" This defendant, reserving to himself all right of exceptions to the said bill of complaint, for answer thereto says that he denies that the said Oliver C. Hill, deceased, occupied the south half of the northeast quarter, and the northwest quarter of the southeast quarter of section nineteen, in town four south, of range nine west, as a homestead, or that the said Clarissa Hill had any homestead right therein at the time of his death, or that the said complainants, or any or either of them, have any right, title or interest in or to said premises, but on the contrary, that this defendant has the full legal and equitable title thereto. And the said defendant, further answering, says that he denies that he is indebted to said estate of Oliver C. Hill, deceased, but that on the contrary,

said estate is indebted to this defendant, and that defendant was not, on the 4th day of April, 1882, indebted to the said Oliver C. Hill to the amount of five thousand dollars, but admits that he was indebted to the said Oliver C. Hill, on the 4th day of April, 1882, in the sum of four thousand three hundred and fifty dollars, being the consideration for certain real estate conveyed to defendant by said Oliver C. Hill, which notes were secured by a real estate mortgage upon the property so conveyed as aforesaid, and were in the case of the death of said deceased to be distributed by defendant as directed by said deceased as follows: One two-thousand-dollar note to be delivered to Clarissa Hill, the mother of defendant and widow of deceased, and to Miss Frances Hill, the youngest sister of defendant, to be their joint property; one one-thousand-dollar note to be delivered to and be the property of Mrs. Mary E. Low, who is above named as Elizabeth Low; one five-hundred-dollar note to be delivered to Mrs. Julia Foster; one five-hundred-dollar note to be delivered to Mrs. Sarah M. Leavins, and a three-hundred-and-fifty-dollar note to be delivered to and be the property of the wife of defendant; and the defendant agreed with said deceased in his life-time to deliver said notes as aforesaid, in case of his death, and to pay the same out of the proceeds of said farm; that upon the death of his father, the said Oliver C. Hill, deceased, he took possession of said notes and the mortgage accompanying the same, and offered to deliver them to the persons above named, agreeable to the undertaking of defendant with the deceased as aforesaid, but that the said complainants, acting under the advice of one Jasper C. Gates, refused to receive the same, but demanded of defendant the surrender of his deed, which was the consideration for said notes. Defendant, further answering, says that he denies that his said deed from the said Oliver C. Hill, deceased, is void, but insists that the same is a valid and legal deed, executed by the said deceased to defendant at the date aforesaid, to wit, April 4th, 1882, and for the consideration aforesaid, and the further consideration of a certain indebtedness of deceased to defendant upon an account stated, and also upon an open account then found to be due and owing to defendant from deceased, and that it was duly delivered to defendant by said deceased at the date last aforesaid, for said consideration and no other. Defendant, further answering, denies that he was insolvent on the 4th day of April, 1882, and for a long time prior thereto, or that he was ever or now is insolvent, but that he has always had

property sufficient to pay his just debts. And this defendant, further answering, says that he denies that he ever claimed that said deed conveyed to him any other property or estate than is described in the deed, or that he ever tried to induce complainants to settle with him on that basis; but as a matter of fact alleges that the said deceased had informed defendant that this defendant was to have all the personal estate of deceased on condition that defendant settle his estate and pay all his just debts, and defendant so informed complainants. And defendant, further answering, states that at the same time of making said statement, and at the time of the execution of said deed to defendant, as aforesaid, the deceased also stated to this defendant that he should make a will in accordance with the terms aforesaid, and requested this defendant to draft his will for him, but defendant declined so to do, and that he left defendant's office to get his will drafted in accordance with the above and foregoing terms, and defendant supposed and still believes his said father did draft and execute a will in which the terms of the disposition of his property was devised substantially as above set forth. Defendant, further answering, says that he denies stating on or about the 20th of February, 1883, to any of the complainants that said deed was in trust for them, and to avoid partition proceedings, but that defendant did state that the effect of his said deed was to avoid such proceedings, and at the same time offered to make such deed or deeds to any or all the complainants of said property as might be just and equitable upon cancellation of his said notes; and he also denies that he has ever attempted to dispose of said property since the death of his father, although he had a just and legal right so to do."

Proofs were taken in open court under the statute. All the parties except Clarissa Hill testified in the cause. Objections were made under How. Stat. § 7545, and consequently all testimony appearing in the record which is inhibited by the statute, where objection was made by either party, is excluded in our consideration of the case. We think the criticism made by the counsel for defendant upon the want of specific allegations in the bill of complaint is fully justified. It is impossible to tell, from the statements of the bill, whether the pleader intends to charge the defendant with having perpetrated a forgery, either of the signature or in

the body of the instrument, or whether he obtained a genuine signature to a genuine instrument by reason of fraud practiced upon the grantor. The inference to be drawn from the pleading is that the deed is a forgery, inasmuch as it charges that the *deed* never was made or delivered by Oliver C. Hill, and that he never sold or conveyed the said pieces of land, or *either* of them, to defendant, but that the pretended *deed is false, fraudulent and invalid.*

The theory upon which complainant presented the case to this Court was that Oliver C. Hill had sold to defendant the forty acres of land in Wexford county for $308.55, and that the deed was so written, and after the execution thereof the other descriptions were written in without the grantor's knowledge or consent, and the consideration changed by inserting the words " five thousand," preceding the words " three hundred." We have examined the original deed, and there is no indication whatever that there has been an insertion since its execution, either in the description of land or in the consideration, and there is no appearance upon the face of the instrument to excite the least suspicion of any alteration or addition having been made. It contains descriptions of parcels of land as follows :

" The north-east quarter of the south-east quarter of section four (4) in township number twenty-one north, of range number ten west, containing forty acres of land, according to the United States survey, be the same more or less; also the south half of the north-east quarter, and the north-west quarter of the south-east quarter, in section nineteen (19), township four (4) south of range nine (9) west, county of Kalamazoo aforesaid, and containing one hundred and twenty (120) acres of land, according to the U. S. survey, be the same more or less."

The last description, containing forty acres joining that claimed by complainants, was land which complainants inherited, but for this deed, yet no claim is made and no charge that the deed is void as to that parcel. Complainants introduced record evidence to show that Oliver C. Hill purchased this forty from Orrin N. Giddings, June 4, 1867, for $120, and also conveyances of this parcel of land from the Auditor

General to Mr. Hill, and he is not shown to have conveyed the same away except by the deed in question. The theory advanced by the complainants as to the manner of forgery, antagonizes their statement in their bill that Oliver C. Hill never conveyed *either* of the parcels described, their theory now being that one of the parcels is the only one that was conveyed by the deed, and that it was executed for that purpose. But the evidence is conclusive, and indeed not contradicted, that the signature of Oliver C. Hill is the genuine signature of the deceased. The deed is found in the possession of the grantee and is produced by him. This is evidence of delivery. That notes were made bearing date the same day as the deed, and were delivered to the deceased, is not disputed. The only dispute on that subject is as to the number and amount of the notes, and the consideration thereof.

The complainants allege in their bill that notes bearing date that day were made and delivered to deceased in his life-time to the amount of more than $5000, and that they were given for indebtedness owing by defendant to Oliver C. Hill for a long time prior to the date of the deed. Two of the complainants testify to seeing in their father's life-time, and a very short period before his death, among his private papers, notes signed by defendant, aggregating in amount something over $5000. The defendant claims that his father held notes made by him to the amount only of $4340, and that they were secured by a mortgage upon the same land mentioned in the deed. The proofs show that defendant, on the night after his father died, took from the private papers belonging to his father, and which were kept by him under lock, all the notes made by himself to his father, and also the mortgage by which they were secured and which had not been recorded, and carried them away with him. This he did privately, and without the knowledge or consent of the other heirs.

It is proper here to note briefly the habits of the deceased, and his relations with his family. Oliver C. Hill was a man considerably advanced in years. For several years before his death he had taken up his abode upon this farm in Wakeshma, his family remaining behind him at Kalamazoo. He lived

much of the time alone, sometimes being visited by his wife, sometimes by different members of his family, who stayed with him a small portion of the time. He had conveyed to his wife a house and lot in the village of Kalamazoo, where she resided with the unmarried daughter, Frances. He often visited his wife and family in Kalamazoo, staying with them overnight and longer, if he chose, and the testimony leaves it somewhat doubtful at which place he claimed a residence; the proof being that he invariably voted at Kalamazoo, while living mostly at Wakeshma. The defendant Robert, his only son, also resided at Kalamazoo, and his relations with his father appear to have been of the most intimate and fraternal character. They had numerous financial transactions with each other, which had extended over a considerable period of time.

There is nothing in the testimony showing that any unpleasant feelings existed between the father and any of the members of his family, or between the children. He was spoken of as a man of somewhat peculiar notions, and as of a careful, prudent, saving disposition. He left no will, and the testimony of Dr. Chase has some tendency to prove that he designed to make such arrangements before his death with regard to his property as would render administration unnecessary. He died on Sunday. His funeral was the next Tuesday. On Thursday the heirs went from Kalamazoo to Wakeshma to make an inventory of the effects of deceased. They met, prior to leaving, at the house of Mrs. Hill on Rose street. The complainants were then present, and defendant then told them that his father had left things with him to settle; that he had a deed of the farm and of the land up north, and the personal property, and that he had $4400 to divide among complainants. They went to the farm that day. The box of papers was brought out, and it was then discovered that the notes signed by him and other valuable papers and ten dollars in money were gone. He then admitted that he had taken them himself, and had put them in his safe at Kalamazoo. It is not necessary to inquire into the motives which induced defendant to take possession of the

notes made by him ; whether for safe-keeping, whether to
carry out any wishes expressed by his father, or as one inter-
ested as heir, is unimportant.    That it was not for the pur-
pose of suppression or confiscation is quite evident, for the
reason that before complainants had discovered that they were
missing, he had informed them that he had $4400 to be
divided between them ; and so far as appears by the testi-
mony, the notes of defendant constitute nearly the whole
amount of personal property left by the deceased.

There is evidence which satisfies us that among the papers
taken by defendant was the mortgage which had been given
to secure the payment of the notes.    The envelope endorsed
in the handwriting of the deceased, the testimony of Mrs.
Foster given before the judge of probate, and the positive
testimony of defendant that he found the mortgage, with the
notes, among the private papers of deceased after his death,
and took them all at the same time, sufficiently prove the
fact.    This mortgage the defendant produces, and also the
notes secured thereby, amounting to $4340, dated April 4,
1882, being the same date as the deed.    If this is a genuine
mortgage, executed when it bears date, and delivered to
Oliver C. Hill, it disposes of this whole question as to the
deed being false and fraudulent.    For it is a mortgage of the
same land conveyed by the deed, and no other ; and it is
absurd to suppose that Oliver C. Hill would have taken a
mortgage upon his own land to secure an indebtedness owing
from defendant to himself.    The mortgage is executed by
Robert F. Hill to Oliver C. Hill, in the presence of Whiting
S. Crane and George W. Russell, and acknowledged before
Whiting S. Crane, a notary public of Kalamazoo county.
The execution of this mortgage was duly proved.    It pur-
ports to be *given to secure the purchase money on the premises
covered thereby.*    It describes the notes produced, which
correspond in number, date, and amount with those seen in
the possession of the deceased, except that two of the wit-
nesses testified to seeing another note of $1000 not produced
by defendant, and the existence of which he denies.    It is
possible that the deceased held another note of $1000 not

secured by the mortgage. If this were so, it would not prove that the deed was a forgery, or that the other notes were not secured by the mortgage. We are entirely satisfied, from all the evidence in this case, that the deed in question is the genuine deed of Oliver C. Hill, and is in the same condition it was at the time it was delivered.

The bill alleges that the land upon which Hill resided, called the Wakeshma farm, was worth at the time of his death $6000 and upwards. This, if proved, would be of considerable significance under proper charges of fraud. The only evidence of value given at the hearing was the consideration named in the deed when Mr. Hill purchased the land from Mr. Sanford in 1862, which was $480, and the assessed value as shown upon the assessment roll of 1882, in which the value is placed at $1800. There is nothing in the record before us that shows that the amount named as purchase money in the mortgage is not the entire value of the property conveyed. It is difficult to see what motive defendant could have had for forging the deed and mortgage; for if he forged the deed he must also have forged the mortgage. The proof fails entirely to establish the case made by the bill of complaint.

The question remains whether costs should be awarded to the defendant. On full consideration we agree not to award them. The circumstances attending the taking possession of the papers of the deceased by the defendant were such as were well calculated to raise suspicions in the minds of the widow and the other complainants; and we cannot feel that they were entirely unwarranted in their action in instituting suit, or that the defendant could well claim to have been blameless. He is sufficiently chargeable with the litigation which has been had, to justify the court in leaving him to bear his share of the costs.

- The decree of the circuit court is reversed, and a decree will be entered here dismissing the bill of complaint, without costs.

The other Justices concurred.