JAMES P. LANGLEY AND FRANK E. MCGURRIN v. ROBERT F. HILL.

*Stenographers—Agreement for furnishing copies of notes.*

1. Under How. Stat. § 6506, the *official* stenographers of all counties excepting Wayne, Kent, and Saginaw were required to file a copy of their notes upon the request of the court, or of *either* of the counsel, without charge; but beyond this there was no law requiring them to furnish *other* or *additional* copies *gratis*.

2. The *public* has nó concern in the *private* business carried on by such officers, so long as they discharge their *official* duties properly; and the law under which they are appointed, and which prescribes their duties, does not require them to devote *all* of their time to the *public* service.

So *held*, in a suit brought by a firm of which such an officer was a member to recover pay for copies of his official notes furnished under a private agreement with a party to the suit, he having filed the copy required by the statute *free* of charge.

Error to Kalamazoo.   (Mills, J.)    Argued July 15, 1886..
Decided October 21, 1886.

Assumpsit.    Defendant brings error.    Affirmed.    The.
facts are stated in the opinion.

*Samuel W. Oxenford,* for appellant:

Any contract made by a public officer to increase his fees,.
and which may lead to a violation of the rights of others, is.
void: Greenhood, Pub. Pol. Cont. Rule 285, p. 337, and.
cases cited.

Any contract for the use of a public office for private gain
is void: Id. Rule 279, p. 334, and cases cited.

An officer can receive no compensation beyond his salary,
unless the services for which he claims are authorized, and
the remuneration therefor is fixed by law: *Converse v.
United States,* 21 How. 463.

Langley was the official stenographer of Kalamazoo circuit.
court, and it was against public policy for him to farm the
office out to plaintiffs, and this action cannot be maintained:
*Cunningham v. Cunningham,* 18 B. Mon. 19; *Outon v. Rodes,.
3 A. K. Marsh. 432; *Groton v. Waldoborough,* 11 Me. 306;
*Salling v. M'Kinney,* 1 Leigh, 42; *Mitchell v. Vance,* 5 T.
B. Mon. 528; *Carleton v. Whitcher,* 5 N. H. 196; *Meredith.
v. Ladd,* 2 Id. 517; *Tappan v. Brown,* 9 Wend. 175;.
*Hall v. Gavitt,* 18 Ind. 390.

Contracts which provide that anything shall be done
which is distinctly prohibited by public policy are void: 2.
Pars. Cont. 746, § 11, note *u.*

*Dallas Boudeman,* for plaintiffs:

Unless one of the conditions on which the party holds the·
office is that he will devote *all* his time to the *public* service,
he is entitled to sell to third parties such of his services as.
the State does not require: *Smith v. Portage Co.,* 9 Ohio,
25; *Converse v. United States,* 21 How. 463; *Davis v. Mun-
son,* 43 Vt. 676; *England v. Davidson,* 11 Adol. & El. 856; 1.
Whart. Cont. § 502; *Sharp's Adm'x v. Kirkendall,* 2 J. J.
Marsh. 150; *Evans v. Inhabitants of Trenton,* 24 N. J. Law,.
764.

SHERWOOD, J.   This case is an action of assumpsit, brought.
by the plaintiffs, who were stenographers, to recover for copies.

of testimony taken in a certain chancery suit wherein the defendant was a party, made by them under a special contract with defendant therefor, and furnished to the defendant.

The cause was tried before Honorable Alfred J. Mills, circuit judge, at the Kalamazoo circuit, without a jury, and, in compliance with the requests of counsel, he found the following facts, as requested by plaintiffs:

"1. On and prior to the seventh day of November, 1883, James P. Langley was the official stenographer of the county of Kalamazoo. Himself and the other plaintiff, Frank E. McGurrin, by an agreement between them, were copartners in the general business of stenographers, by which agreement they shared in all the profits made by them in the taking of testimony and furnishing of copies, and other fees for services, including a division of their salaries, the said Frank E. McGurrin being also the official stenographer of Van Buren county and the Twenty-first judicial circuit.

"2. That about the seventh day of November, 1883, a suit was tried in the circuit court for the county of Kalamazoo, wherein Julia A. Foster and others were complainants and Robert F. Hill was defendant, said suit being a suit in chancery, and the testimony was taken in open court; that at the taking of said testimony the said James P. Langley, the official stenographer, being otherwise engaged, the testimony in said cause was taken by said Frank E. McGurrin, by consent of all parties present.

"3. That a decree was entered in said case against said Robert F. Hill, on or about the twelfth day of January, 1884.

"4. That afterwards, and on or about the ninth day of January, 1884, a request and demand was made by said Robert F. Hill upon the official stenographer that he make and file a copy of the testimony in said cause preparatory to taking the case to the Supreme Court.

"5. That afterwards, and between the date of such order and the tenth day of March, 1884, said official stenographer procured a copy of the original minutes to be made, and left the same in court, to be filed on or about the said last-mentioned date.

"6. That said Langley & McGurrin, as copartners as aforesaid, also made out and owned, as their individual property, two duplicate type-writer copies of the minutes written out in long hand in said cause; that they were the owners, as such

63 MICH.—18.

copartners, of such copies; and on or about the second of April, 1884, an agreement was entered into between the said plaintiffs and the said Robert F. Hill to purchase of said plaintiffs the said two copies, to be used in preparing his case for the Supreme Court, and for the printer in printing the record for the Supreme Court.

"7. That by the terms of their agreement the said Robert F. Hill agreed to and with the said plaintiffs that, in case he should succeed in the Supreme Court, he would pay said Langley & McGurrin, the plaintiffs in this case, the sum of ten cents per folio for one of said copies, and five dollars for the other set of copies, with the further agreement that, in case he did not succeed in the Supreme Court, he would pay the sum of $35 for such copies.

"8. That said case of *Foster and others* against *Hill* was argued in said Supreme Court, and, on or about the nineteenth day of January, 1885, it was decided in favor of said Robert F. Hill, and the decision of the circuit court was reversed, and defendant succeeded in the said Supreme Court. [1]

"9. That the plaintiffs thereupon demanded their pay for such copies, and the payment was refused, and this action was brought to recover the amount agreed to be paid."

And the following, as requested by defendant:

"2. That it would be seven or eight days' work to make a transcript of the stenographer's minutes in said case of *Foster and others* against *Hill*.

"3. That the transcripts of said minutes were made on a type-writer, the three copies made at the same time by the use of carbon or impression sheets placed between the sheets of paper, and that it required more time to make said transcript by making the two duplicates than it would have taken to have made but one in said case of *Foster and others* against *Hill*.

"4. That there was unreasonable delay by the stenographer of said court, the said James P. Langley, in filing a transcript of said minutes in said cause of *Foster and others* against *Hill*.

"5. That the defendant, Robert F. Hill, the defendant in the case of *Foster and others* against *Hill*, was greatly delayed in preparing the case for the Supreme Court by the delay of the stenographer in preparing and filing a transcript of said minutes.

"7. That the decree of the Supreme Court, reversing the decree of the circuit court in chancery in said case of *Foster* against *Hill*, did not give the defendant costs."

---

[1] See 55 Mich. 540.

Upon the foregoing facts found, the court held that the plaintiffs were entitled to recover, and directed a judgment to be entered accordingly. We think the circuit judge held correctly, and that the findings were supported by the evidence, all of which appears in the record.

Several of the defendant's requests to find certain facts were refused, and we discover no error in the refusal.

The stenographer for the county was required to file a copy of the testimony and proceedings as taken upon the trial, legibly written out, upon the request of the court, or either of the counsel, without cost to either party.[1] Beyond this we know of no law requiring him to furnish either party with further or other copies of the same without pay, if he requires it; and it would appear that the defendant so understood the law, as the findings show him making special contracts for such copies, and we see no legal objection to the enforcement of such contracts, when made, after the work has been performed.

We do not think the question of public policy, discussed by counsel for defendant, is in any way involved in the case.

The public has no concern in the private business carried on by these plaintiffs, so long as they discharge their official duties properly; and the law under which they are appointed, and prescribing their duties, does not require that they shall devote all their time to the public service. *Smith v. Portage Co.,* 9 Ohio, 25; *Davis v. Munson,* 43 Vt. 676; *England v. Davidson,* 11 Adol. & El. 856; 1 Whart. Cont. § 502; *Sharp's Adm'x v. Kirkendall,* 2 J. J. Marsh. 150; *Evans v. Inhabitants. of Trenton,* 24 N. J. Law, 764.

The judgment must be affirmed.

The other Justices concurred.

---

[1] See How. Stat. § 6506; *Maynard v. Vinton,* 59 Mich. 155 (head-note 2); *Thurstin v. Luce,* 61 Id. 486 (head-note 1).