GARRETT W. LOW AND JASPER C. GATES, ADMINISTRATORS
OF THE ESTATE OF OLIVER C. HILL, DECEASED,
v. ROBERT F. HILL.

[See 55 Mich. 540; 61 Id. 35.]

*Foreclosure of mortgage—Report of amount due—Rents and profits.*

In this case the decree of the court below is affirmed, as also its
action in denying motion of defendant to set aside the report of
the commissioner of the amount due on the notes and mortgage.
For a full understanding of the points involved, see opinion, and
report of case in 61 Mich. 35.

Appeal from Kalamazoo. (Mills, J.) Argued October
13, 1887. Decided October 20, 1887.

Bill to foreclose a mortgage. Defendant appeals. Affirmed.
The facts are stated in the opinion, and in report of case in
61 Mich. 35.

*Elisha A. Fraser* (*Howard & Roos*, of counsel), for com-
plainants.

*Samuel W. Oxenford*, for defendant.

MORSE, J. The main facts in this controversy are found in
the opinion of this Court in 61 Mich. 35.

At that time we ordered a new reference to a circuit court
commissioner to ascertain and compute the amount due and
unpaid upon the notes and mortgage, and that the complain-
ants must render before such commissioner, on oath, an
account of the rents and profits, and of the necessary outlay
and expenses, and that the net rents and profits be applied on
the indebtedness secured by the notes and mortgage.

In pursuance of such order such accounting has taken place, and it was found that there were no net rents and profits from the land.

The defendant moved to set aside and vacate the report of the commissioner, for various reasons. The court below denied the motion, and entered a decree for the complainants in the amount of the principal and interest due upon the notes and mortgage, as shown by the face of the papers. Defendant appeals.

One principal objection to the decree is that certain items of outlays and expenses were erroneously allowed by the commissioner. As nothing was added to the amount due upon the notes because of outlays and expenses upon the land, and as the items complained of, if disallowed, would still leave the amount of the expenses in excess of the profits arising from the land, this objection is entirely without merit, and need not be discussed. Whether such items were allowed or disallowed, the amount of the final decree as rendered would be the same.

A claim is now made that the complainants are not entitled to interest, as the defendant has never had possession of the premises, and that certainly he should not be charged with interest during the life-time of his father, Oliver C. Hill, who during that time used the premises as his own, and none of the conveyances being recorded till after his death.

No claim of this kind was made when the case was here before, and it was not contemplated by our order that any question should be reopened except that of rents and profits.

It may be said, also, that the defendant has not seen fit to answer, or even to put in any proof before the commissioner, in relation to the terms under which his father lived upon and worked the place after the deed to defendant was executed and delivered, and therefore we must arrive at the agreement between them as shown by the face of the papers then exe-

cuted. The notes and mortgage were dated April 4, 1882, and by their terms expressly drew interest from January 5, 1883. The court did right in computing interest from that date.

If, as defendant's counsel now insists, he never asserted any title to the land under his deed, he should, if he wished to repudiate the transaction, have tendered back to the heirs a deed of the premises, and demanded a cancellation of his obligations. But he saw fit in *Foster v. Hill*, (see 55 Mich. 540) to defend his deed, and, after the determination of the issue therein, he recorded it. This was an assertion of title, we think.

The objection that complainant Garrett W. Low did not appear for an examination, and that the commissioner refused to direct his examination upon interrogations pursuant to chancery rule 77, is not tenable. It fully appears from the records that he knew personally nothing about the rents and profits, or the outlays and expenses in cultivating the land, and also that he was without the jurisdiction of the court. The defendant had the benefit of a full examination under oath of all the parties who were personally cognizant of the matters in issue, which was all that he could ask.

The decree of the court below is affirmed, with costs of both courts.

The other Justices concurred.