| | |
|---|---|
| 58 | 152 |
| 73 | 226 |
| 58 | 152 |
| 87 | 29 |
| 58 | 152 |
| 91 | 589 |
| 58 | 152 |
| 119 | 418 |
| 58 | 152 |
| 124 | 636 |
| 58 | 152 |
| 127 | 670 |
| 58 | 152 |
| 155 | 572 |
| 155 | 574 |

IN THE MATTER OF FREEMAN McCLINTOCK'S ESTATE.

GILMAN J. McCLINTOCK'S APPEAL.

*Wills—Advancements—Exclusion of evidence.*

1. A testator's certificate that he has advanced to an heir a specified sum over and above all set-offs to date, is not admissible in evidence that such an advancement was made. But if the payment is otherwise proved, the certificate is admissible to show testator's purpose to treat it as an advancement.

2. The effect of a will cannot be altered by any unattested writing.

3. A mere recital of the amount left after striking balances is hardly admissible as evidence of money advances previously made.

4. Heirs can testify as to advancements in a proceeding to determine their rights as distributees under a will, and are not excluded as adversely interested to the representative of the testator's estate.

5. Advancements in a proceeding to determine the rights of legatees, are not to be treated as debts, but as gifts to apply as legacies.

6. Circumstantial evidence is proper in determining whether advancements were made under a will; the omission of a precise man to enter a charge against his estate can be shown for what it is worth.

7. No one legatee is estopped by a finding that has been set aside on the appeal of only one in a proceeding to determine the rights of all of them upon the distribution under the will.

8. Costs may be paid out of the estate where a finding as to the distribution under a will has been set aside on the appeal of one of the legatees.

Error to Shiawassee. (Newton, J.) June 17.—Sept. 29.

Appeal from probate. Claimant appeals. Reversed.

*Gilbert R. Lyon* for appellant. The law presumes that when a will is made all prior advancements are considered merged, and the testator must be deemed to have graduated the amount of his legacy with reference to prior advances: *In re Peacock's Estate* L. R. 14 Eq. 236 ; *Taylor v. Cartwright* 41 L. J. Ch. 529 ; L. R. 14 Eq. 167 ; *Jones v. Richardson* 5 Met. 250 ; *Langdon v. Astors* 16 N. Y. 9 ; *Van Houten v. Post* 33 N. J. Eq. 346 ; an advancement depends

on the intent, at the time of the gift or conveyance, and cannot be afterwards altered: *Meeker v. Meeker* 16 Conn. 387; *Sherwood v. Smith* 23 Conn. 519; the fact of payment must be proved by other testimony than the parol declarations of the testator: *Fawkner v. Watts* 1 Atk. 407; *Batton v. Allen* 1 Halst. Ch. 99; 2 Wms. Exrs. 1444; *Sims v. Sims* 10 N. J. Eq. 153; the payment may be disproved by the heir to whom it was to be made: *Hoak v. Hoak* 5 Watts 80; *Musselman's Estate*, id. 9.

*Wm. M. Kilpatrick* for appellee.

CAMPBELL, J. The proceeding appealed from is one to ascertain the rights of parties interested in Freeman McClintock's estate, in order to have a distribution. The matter was brought before the probate court of Shiawassee county, under How. Stat. § 5978, whereby it is provided that all questions of advancement may be heard and determined by the probate court, and shall be specified in the decree assigning the estate. As all parties have assumed that the inquiry can be properly made now, and there is no want of jurisdiction, there is no objection to the course taken. The controversy below and here is confined to the questions relating to a claim that appellant's share of his father's estate has been used up by advances.

In his will, which was made June 13, 1881, decedent, after some specific bequests, made a general residuary bequest to his children therein named, in equal shares. To this, among other things, he attached a proviso "that in case I shall in my life-time advance and pay to any of my children, either son or daughter, any sum or sums of money for his, her or their advancement or benefit in the world, or otherwise, and shall signify the same in writing under my hand, then, if any such sum or sums shall be equal to the share or shares of such child or children, respectively, by me hereby devised and bequeathed for their respective benefit, such sum or sums so paid or advanced shall in that case be accounted in full satisfaction of the share or shares of said child or children respectively in my said estate." Further provision was made for advances less than the whole share, to be properly appor-

tioned on the same principle. The will was probated in April, 1882.

On July 15, 1881, the testator made in writing and signed a paper consisting of a series of certificates of similar form, and each referring to different heirs, which, after referring to the clause in the will touching advancements, recited certain advancements. The one naming appellant was as follows, after the preamble mentioned : "Now, therefore, this is to certify that I have advanced to Gilman J. McClintock the sum of one thousand five hundred and thirty dollars ($1530) over and above all claims and demands or set-off of every kind and nature to this date, July 15th, 1881."

This paper was offered in evidence, not only to show the intention of deceased to regard any moneys given appellant as advancements, but also to show that such advances were actually made to the extent claimed. The court below shut out the testimony offered to show that no such advances were made, and directed a verdict against the claim of appellant.

We have no doubt that if the amount stated in this paper was actually advanced to appellant, the writing was proper to show decedent's purpose to treat it as an advancement. It complies with the method suggested in the will, and while not strictly within the terms of the statute concerning advancements, is within its equity as evidence of intention. But whether it is evidence that advances were actually made is a different question.

The will does not reserve power to destroy the effect of a legacy by any mere writing or entry. If that were its object, and if it could be carried out, a will might be altered by a writing not attested, and this would be in violation of the Statute of Wills, which requires the same formalities as on an original execution. This is very fully explained in *Langdon v. Astor's Exrs* 16 N. Y. 9, where the fact of the advancement of money was held to be the only fact which could operate on the legacy, and the written statement was only held admissible as showing with what intent that act was done. The payment may be proved by any legal evidence, like any other payment.

There is nothing in this instrument which declares when or how this alleged advancement was made. It is not recited to have been made at that date, or to have been made in one sum, and if we look at the other items, all of which form part of this same paper, it appears that such was not probably the case. They all read more like some striking of balances than the record of any present dealing. We have found no authority for holding that a person can make evidence of a money advance to another person by any such recital. Where account-books are received in evidence, as they may be in some cases, it is only where the entries are apparently made of items as they arise, and as contemporaneous res gestæ. But an entry not of particular payments or advances, nor even of any aggregate, but of what remains due as a balance after allowing set-offs and counter-claims, does not come within any rule of evidence that we have discovered. It furnishes no means to determine when or how it was made up, or what items were allowed on debit and credit. The authorities cited do not allow every claim or debt to stand as an advancement by itself, and they do not prevent the whole facts from being investigated. This will makes no direct reference to deducting past advancements, and we need not consider, because there are no means of knowing, what effect they may have if certified. But an ex post facto certification of an aggregate balance cannot prove the fact, whatever it may show as to the intent.

A question was made whether the various heirs are competent witnesses in this proceeding. In our opinion this is not a proceeding in which the estate is on one side and appellant on the other, as it must be in order to require exclusion under How. Stat. § 7545. If there are any parties in opposition each legatee is opposed to every other legatee, but it can make no difference to the executor, as such, into whose hands the assets fall. It is rather analogous to a suit in partition than an adverse proceeding against the representative of the estate, who, among these parties, is a mere stakeholder. We see no reason why they may not all be allowed or compelled, as the case may be, to testify concerning the advances,

which are not treated as debts, but on the contrary as gifts to apply on legacies.

Neither do we think that circumstantial evidence is improper as bearing on the probabilities. Such testimony is often admissible and very important on questions of fraud and insolvency. While a failure to enter a charge is not conclusive that no such charge exists, yet it is not without some weight where a man is shown to be usually precise and punctilious in his entries. It is also possible for a man to have money and yet appear poor, but failure to have it where it can be heard of, and to enter it where cash is generally entered by the same person, is a circumstance receivable for what it is worth.

We think the case was improperly dealt with in the rulings on the hearing, and that it should be reheard. As it is an entire controversy as to the distribution, we do not think that the case of any of the legatees should be estopped by the finding which is now set aside. Appellant should have his costs out of the fund.

The order will be reversed and case remanded for rehearing accordingly.

COOLEY, C. J. and SHERWOOD, J. concurred.