## SEYMOUR *v.* WALLACE.

WITNESSES—COMPETENCY—MATTERS WITHIN KNOWLEDGE OF DE-
CEDENT.
   Where land was conveyed on condition that the grantee should
   pay the grantor's debts, a creditor of the grantor, in a suit by
   the latter's administrator to impress a trust upon the land to
   the extent of such debts, was not disqualified by 3 Comp.
   Laws, § 10212, from testifying to his claim.

Appeal from Washtenaw; Kinne, J.  Submitted March
8, 1901.  Decided July 19, 1901.

Bill by William B. Seymour, administrator of the estate
of Frances E. Wallace, deceased, against Jacob L. Wal-
lace and Elizabeth Gates, to subject certain property to
the payment of decedent's debts.  From a decree for com-
plainant, defendants appeal.  Affirmed.

*John P. Kirk* ( *J. Willard Babbitt*, of counsel ), for
complainant.

*Hinckley & Hinckley*, for defendants.

MONTGOMERY, C. J.   This case was before the court at
the June term, 1899, and the opinion on the former hear-
ing is reported in 121 Mich. 402 ( 80 N. W. 242 ).  That
decision must be construed as having settled the law of
the case, and, by implication at least, to have affirmed the
right of this complainant to maintain the present suit, and
to obtain relief to the extent of impressing a trust upon
the property conveyed to defendant by deceased, to the
extent of the indebtedness owing by deceased at her death.
It was held in the case that the allowance of the claims in
favor of Dr. Murdock and another was not conclusive,
but that evidence should be received for the purpose of
determining what, in fact, was due them from the de-

ceased.   This testimony has now been taken, and the circuit judge has determined that the claims were proven, and has granted the relief prayed.

This conclusion is fully warranted by the testimony, if the testimony of Dr. Murdock is competent.   It is contended by the defendants that it is not, but we are cited to no authority which sustains this contention.   The representative of the estate in this case is the administrator. The defendant himself is the opposite party.   He holds under a conveyance which is not attacked.   He is a trustee, and the creditors of deceased are *cestuis que trustent*.   The question litigated is the question of what portion of this property each is entitled to.   The question is the same on principle as that involved in *McClintock's Appeal*, 58 Mich. 152 (24 N. W. 549), where it is said:

"If there are any parties in opposition, each legatee is opposed to every other legatee, but it can make no difference to the executor, as such, into whose hands the assets fall.   It is rather analogous to a suit in partition than an adverse proceeding against the representative of the estate, who, among these parties, is a mere stakeholder."

So, in this case, it may be said that the controversy here is not by a claimant against the estate, but it is a proceeding to determine what portion of this property belongs to defendant, and what to claimant, under an instrument which, by its terms, is not to operate as an assignment until the debts of deceased are paid.   We think the testimony of Dr. Murdock was admissible, and that the case was made out.

The decree will be affirmed.

The other Justices concurred.