## Case No. 984.

### BARING et al. v. PUTNAM.

[1 Holmes, 261.] [1]

Circuit Court, D. Maine. Oct. Term, 1873.

EXECUTORS AND ADMINISTRATORS — ADMINISTRATOR DE BONIS NON—ACTION AGAINST FOR MONEYS PAID BY MISTAKE TO PREDECESSOR.

An action lies in favor of a banker against an administrator de bonis non, as such, to recover money credited by mistake to the intestate during his life, and drawn by, and paid to, the original administrator in his representative character, in the belief that it belonged to the estate.

[See Owen v. Blanchard, Case No. 10,628; Calder v. Pyfer, Id. 2,299.]

Action at law heard by the court upon an agreed statement of facts. The plaintiffs, [Thomas Baring and others,] who were foreign bankers having accounts with Charles Thompson of Kennebunk, Me., and also with Charles Thompson of Topsham, Me., by mistake, credited on their books to Charles Thompson of Topsham, the defendant's intestate, a considerable sum received by them, instead of to Charles Thompson of Kennebunk, to whom it belonged. Before either account was settled, Charles Thompson of Topsham died; and his original administrator, as such, drew from the plaintiffs all the funds standing on their books to the credit of his intestate, including the amount erroneously credited as above; neither party being aware of the error. Subsequently the original administrator resigned, and the defendant [William L. Putnam] was appointed administrator de bonis non. Afterwards, on settlement of the account of Charles Thompson of Kennebunk, the error was discovered; and thereupon the plaintiffs brought this action against the defendant, as administrator de bonis non, to recover the amount erroneously paid to the original administrator.

The defendant contended that the only claim of the plaintiffs was against the original administrator personally, and that the action did not lie.   [Judgment for plaintiffs.]

S. C. Strout and H. W. Gage, for plaintiffs.

William L. Putnam, for defendant.

SHEPLEY, Circuit Judge. Whatever property or money is lawfully recovered or received by the executor or administrator, after the death of his testator, or intestate, in virtue of his representative character, he holds as assets of the estate; and he is liable therefor, in such representative character, to the party who has a good title thereto. This doctrine was established by the supreme court of the United States, after full consideration of the conflicting cases upon the subject, in the case of De Valengin v. Duffy, 14 Pet. [39 U. S.] 283, 290.

This money was deposited with the plaintiffs, and was placed on their books to the credit of the intestate prior to his decease, and so stood at and after his decease. No one but the personal representative of Charles Thompson could withdraw the funds; and it was the duty of his administrator to collect the balance which he found standing to the credit of his intestate. In the absence of any knowledge on the part of the administrator of the mistake, he acted lawfully and in the pursuance of his duty in the execution of his trust, and not tortiously, in collecting the money. He could only do this upon proof of his appointment and qualification as administrator. No credit was given to him personally, nor was any money paid to him in any other way than in his representative character. The old doctrine seems to have been that, upon any promise made after the death of the testator or intestate, the executor or administrator was chargeable, if at all, as of his own goods, and not in his representative capacity. More recent cases have settled that an executor or administrator may, in some cases, be sued in his representative capacity on a promise made by him in such capacity, and a judgment had against the assets of the estate. This, however, is limited to cases where the transaction which constituted the cause of action arose in the lifetime of the deceased, and does not extend to actions for goods sold and delivered to an executor, or work and labor done for him as executor. In such cases, the defendant is charged personally, and not in his representative character. If, after the decease of Charles Thompson, the Barings had by mistake placed this sum to the credit of H. P. Thompson as executor, and he had collected it, a different question would have been presented, which it is not necessary in the present case to decide, as the case of De Valengin v. Duffy, 14 Pet. [39 U. S.] 283, is in the opinion of the court conclusive, when applied to the facts in this case.

Judgment for plaintiffs, with interest from date of demand made upon the estate.