Marston, J.:
Henry Sehratz, who resided in Germany, gave to the claimant, Conrad Sehratz, a power of attorney, authorizing him to take charge of a lot in the city of Detroit, of which the deceased died seized, and to do generally in relation thereto whatever the deceased might do if personally present. Henry Sehratz died in 1860 or 1861, and Conrad presented a claim against his estate, which was allowed, and from the allowance thereof John Sehratz and Joseph Sehratz, heirs of said deceased, appealed to the circuit court, where the cause was tried before a jury.
*460 Amongst the items in the account were two charges, one for a tombstone, one hundred and four dollars, and one for a fence, fifty dollars. The authority for these two expenditures, it is conceded, was not covered by the power of attorney. To recover for these items, Conrad Schratz testified, that he had no personal communication with deceased; that he had written several letters to deceased and had received letters from him in reply thereto; that these letters fully informed deceased of these two items of expenditure, and that the replies showed that deceased fully understood what was being done; that the letters received from deceased were lost or destroyed, and could not be found, and that no copies of the letters written had been kept by witness.
Counsel for appellants moved the court to strike out, and take from the jury as incompetent, all the above ^evidence given by claimant in his own behalf, and of which he had by letter advised the deceased. This was denied, and exception taken.
The statute, as amended by Act No. 155 of the Session Laws of 1875, p. 184, clearly covers this case. It provides that “when a suit or proceeding is prosecuted or defended by the heirs, assigns, devisees, legatees or personal representatives of a deceased person, the opposite party, if examined as a witness in his own behalf, shall not be admitted to testify at all, in relation to matters which if true must have been equally within the knowledge of such deceased person.”
This amendment was evidently overlooked during the trial, although we think that this case came within the provision as it stood before amendment. There could be no question, admitting the testimony given to be true, but that the contents of the letters were within the knowledge of the deceased, equally as within that of the witness. The letters, if they could have been produced, would have been admissible, but their loss or destruction would not change the rule and permit the witness to testify as to their contents. Such evidence is clearly within the letter and spirit of this statute, and should not have been admitted.
This statute appears to operate very harshly in this case, as *461 it has in some other cases which have fallen under our observation; but we have nothing to do but to administer it as it stands.
It is, however, insisted that the claimant on direct examination did not disclose the fact that deceased knew about what was being done; that all such evidence was drawn out on cross-examination, and that counsel could not, after having thus drawn it out, then move to exclude it. Counsel clearly had a right to ascertain upon cross-examination the authority which the witness claimed to have acted under, and to cut down, modify or explain the testimony given on the direct examination, even although in so doing he might elicit evidence which would destroy the plaintiff’s claim or *render all his testimony inadmissible. And under previous rulings of this court, all such evidence so brought out on the cross-examination is evidence given on behalf of the party calling the witness, and does not preclude a motion from the other party to strike out all or any part of the same which may thus have been shown incompetent. If a cross-examination developed the fact that an agreement testified to on direct examination was in writing, surely this would not preclude a motion to strike out all the evidence relating to that subject.
We think the court erred in denying the motion to strike out, and that the judgment must be reversed, with costs, and a new trial ordered.
The other justices concurred.