## MARIE A. YERKES ET AL. v. CHARLES C. BLODGETT ET AL.

*Exclusion of testimony known equally to decedent—Indemnification..*

In a foreclosure proceeding by the executors of the mortgagee the testimony of the defendant mortgager is inadmissible under Act 155 of 1875 which prohibits a party from testifying to facts known equally to a deceased opponent.

Where the notes secured by a mortgage were missing and a foreclosure decree was allowed upon the theory that they were still in existence, complainant was required to indemnify defendant against their enforcement in case they reappeared in the hands of strangers.

Appeal from Superior Court of Detroit. Submitted January 19. Decided April 25.

FORECLOSURE. Bill dismissed below. Reversed.

*Moore, Canfield & Warner* and *Wilkinson, Post &*
*Wilkinson* for complainants.

*Theodore Romeyn* and *Don M. Dickinson* for defendants.

MARSTON, J.   This case being prosecuted by the com-
plainants as representatives of the estate of Solomon Gard-
ner, deceased, much of the testimony of the defendant
Charles C. Blodgett must be excluded under the statute.

A careful examination of all the testimony proper to be
considered, satisfies us that notes were executed and deliv-
ered by Blodgett, as referred to in the mortgage, although
complainants have been unable to find and produce the
same or account for them.   The fact that Capt. Blodgett,
when first asked about the notes, denied all knowledge of
their whereabouts, but did not question the fact that such
notes had been given, is very significant.   A statement of
all the facts which lead us to the conclusion at which we
have arrived, or a discussion thereof, would hardly seem
necessary.

It is proper to add, however, that it does not follow, as
was argued by counsel, that the conclusion arrived at neces-
sarily establishes the fact, or even implies, that Captain Blod-
gett obtained possession of these notes during Capt. Gard-
ner's last sickness.   The opinion is not based, in whole or
in part, upon any such theory or supposition.   On the con-
trary we find no evidence fairly tending to establish such a
fact, or tending even to show that he had an opportunity so
to do.

These notes may yet be found, and it is very proper there-
fore that the maker thereof should be protected against
their turning up in the hands of third parties.

The decree of the court below will be reversed, and a
decree rendered in favor of complainants, and requiring
them to properly indemnify the defendant as against these
notes.

GRAVES, C. J. and COOLEY, J. concurred.

CAMPBELL, J. I do not think there is enough in this case to show the continued existence of the notes on which the suit is based, if they ever existed, or to show that at the time of his death Mr. Gardner regarded the claim as one which he could enforce or meant to enforce. There is not enough in my opinion to trace them as then existing, or to show any unlawful suppression, of them. In all such suits the notes must be produced or accounted for as existing, and as Captain Blodgett cannot testify on his own behalf, there should be no relaxation of the rules of evidence to his prejudice.

I agree with the court below that the case was not made out.