## BENJAMIN F. BUFFUM v. JOHN W. PORTER ET AL.

*Evidence—Testimony as to facts equally within knowledge of deceased.*

·Complainant filed a bill to have a deed absolute on its face, executed by him to his brother, since deceased, and through whose heirs defendant Porter claims title, declared a deed in trust, and his testimony, which alone supports his case, is held to have been inadmissible under the statute, the facts testified to being equally within the knowledge of said deceased grantee. No other questions are involved.

Appeal from St. Clair. (Stevens, J.) Argued May 17, 1888. Decided June 15, 1888.

Bill to declare a deed absolute on its face, a trust deed, etc. Complainant appeals. Decree dismissing bill affirmed, but without prejudice. The facts are stated in the opinion.

*Avery Brothers,* for complainant.

*Frank Whipple,* for defendants.

MORSE, J. Benjamin F. Buffum, on December 26, 1881, was a resident of the city of Port Huron, in this State, and

the owner of lot 4, in block 25, of Butler's plat of said city. On that day he executed an obsolute conveyance of this property to his brother, James F. Buffum, of Detroit.

James F. Buffum died at Detroit, December 20, 1884, leaving the following persons as heirs of his estate, to wit: S. Jennie Buffum, his widow, and C. Frank Buffum, Loyal L. Buffum, and Elliot M. Buffum, his children, the last two named now being minors.

In May, 1885, S. Jennie Buffum, as guardian of Elliot M., and Frank S. Ackerman, as guardian of Loyal L. Buffum, made application to the circuit court for the county of St. Clair, in chancery, for leave to sell the interest of said minors in this property, and such proceedings were had in said court that their interest was sold under a decree of said court to the defendant John W. Porter. At about the same time S. Jennie Buffum and C. Frank Buffum conveyed their interest in the premises to Porter. All these deeds were recorded in the office of the register of deeds in St. Clair county on May 9, 1885. Having acquired, as he supposed, the full title to the premises, Porter took possession, and has since held it. He has expended, as he claims, $1,200 in repairs upon the house in order to make it habitable.

The complainant filed his bill of complaint in August, 1886, claiming that at the time he made the absolute conveyance to his brother he received no consideration therefor, and that the same was a deed in trust; that, on the same day he executed his deed, his brother, James F. Buffum, executed and delivered to complainant an agreement in writing, wherein said James F. Buffum agreed and covenanted that he would redeed the said premises so held in trust to the complainant or his heirs " when such sum or sums of money as may be hereafter drawn " by said Benjamin F. Buffum on the said James F. Buffum against such security are paid.

" It is also understood and agreed by the said James F. Buffum that all moneys accruing from the rent of the

above-described property after January 1, 1882, are to be accounted for and paid over to Benjamin F. Buffum, or such party as he may direct, and shall be in nowise accounted or held as money drawn against such deed in trust, but as belonging to and at the disposal of the said Benjamin F. Buffum; and it is also agreed by the party of the first part that he will give up any particular draft or order, the evidence of indebtedness, at any time when payment shall be offered. The life of this contract to be limited to three years, and the rate of interest, 8 per cent."

Complainant also avers in his said bill that he never yielded possession of said premises to his brother, but himself, by his tenants, retained sole and exclusive possession until the purchase by Porter; that he never received any advances or moneys from his brother, and has never been indebted to him since the deed and agreement were executed. He alleges that the chancery proceedings by which it was sought to convey the title of the minor heirs of his brother were illegal and void; that Porter had knowledge of the title and possession of complainant, and therefore received what title he obtained by the conveyances heretofore mentioned in trust for complainant.

He prays that it may be decreed that Porter, and said minor heirs of his brother, release the premises to him by adequate conveyance, and that Porter yield up possession of the premises to him, and account for the rent while he has been in the possession of the same.

No service was obtained upon the defendants Elliot M. and Loyal L. Buffum, they being non-residents, and the bill was discontinued by the complainant as against them.

The defendant Porter answered, denying any knowledge of complainant's rights in the premises at the time of his purchase, and averring his perfect good faith in the transaction. Admits his purchase, as stated in the bill, of the heirs of James F. Buffum after inquiry into the title record, and alleges that he bought the land believing he was getting a perfect title, and that he paid all the premises were worth;

that he expended $1,200 on the house without any notice, knowledge, or suspicion that any one, save the heirs of James F. Buffum, had any interest in the premises.

The court below, upon hearing, dismissed the complainant's bill, and we think rightly.

It will be seen that James F. Buffum died six days before the time of redemption expired as named in the alleged agreement. Porter acquired possession under his deeds in May, 1885, but complainant takes no steps to claim his rights until in August, 1886, after Porter has made valuable improvements upon the premises. He offers no reasonable excuse for his laches.

But the main objection to nis recovery is that he failed to establish his claim by competent evidence. The deed from complainant imports a consideration, and there is no testimony, except complainant's, to dispute the *prima facie* case made by the deed. All the facts relied upon to establish the case made by the bill, except the fact that the premises at the time of Porter's purchase were in the possession of a tenant who entered under complainant, are testified to by the complainant, and no one else. The agreement, purporting to be executed by James F. Buffum, was also proven by the evidence of complainant, who testified that his brother executed and delivered it to him. This agreement was not recorded.

Objection was made to the admission of any testimony of complainant to facts equally within the knowledge of his brother. This objection was a good one, and we cannot act upon such testimony, as the statute forbids it. Porter is claiming under James F. Buffum, and is the assignee of his heirs. How. Stat. § 7545.

Eliminating this objectionable testimony from the record, and we have an absolute conveyance of the premises from complainant to James F. Buffum, which conveyance recites a consideration, and no fact in opposition to such deed or

qualifying the same, except the fact that the complainant was allowed to retain possession. This is not sufficient to support complainant's bill.

The decree of the court below is affirmed, with costs. But as this affirmation results from the failure of proof, and we are not satisfied that the complainant is without equity, the decree will be modified so as to dismiss complainant's bill without prejudice.

SHERWOOD, C. J., CHAMPLIN and CAMPBELL, JJ., concurred.