87   $\overline{\frac{433}{31}}$

Otis E. M'Cutcheon v. Henry N. Loud, George E. Wasey, and Herbert F. Whiting.

*Attorney and client—Retainer—Trustees—Witness—Evidence—Testimony as to facts equally within knowledge of deceased party.*

1. A contract made by the trustees of a copartnership with an attorney to prosecute and defend all suits for and against the firm growing out of the business being carried on by said trustees, is held not to cover a suit between the beneficiaries to settle their relative rights, in which the trustees are incidentally involved by reason of their trusteeship.

71 Mich— 28

2. Where in a suit against the trustees of a copartnership upon a contract made by their business agent, who was also a member of the firm, the judgment, if one is recovered, must be paid out of the trust estate, the death of such agent renders the testimony of the plaintiff as to the terms of the contract inadmissible under Act No. 139, Laws of 1885, said trustees being the representatives of said deceased beneficiary.

Error to Iosco. (Tuttle, J.) Argued June 26, 1888. Decided October 5, 1888.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*O. E. M'Cutcheon, in pro. per.,* for appellant.

*William H. Simpson (Benton Hanchett,* of counsel), for defendants.

MORSE, J. The plaintiff, who is an attorney at law residing at Oscoda, Iosco county, brings this suit against the defendants as partners and trustees doing business under the name of the Oscoda Salt & Lumber Company. He claims that under an agreement with them he is entitled to an annual retainer fee of $100 for each of the years 1882, 1883, and 1884, and an item of $1,000 for his non-employment in the case of *Henry M. Loud v. Charles Winchester and others.*

The plaintiff was the only witness sworn on the trial in the court below. He testified, in substance, that in February, 1878, he made an arrangement for permanent employment with Aaron F. Gay, the general manager of defendants' business. The plaintiff was to be the attorney of the company, and to take no business against them from that time. There was no time set when this agreement should end. Under this contract the plaintiff acted as attorney for the said Oscoda Salt & Lumber Company up to January 1, 1885. He submitted bills for

his services to the company from time to time, which were accepted and paid, being mostly credited upon his account at the company's store in Oscoda. Up to 1882 he charged for one or more years a general retainer fee of $25 per year, which was allowed. He notified Mr. Gay in October, 1881, that thereafter he should charge them $100 for such retainer fee, which Mr. Gay finally said would be all right. His contract and dealings were with Mr. Gay.

September 9, 1880, Henry M. Loud filed a bill in chancery against the defendants and one Charles Winchester, claiming that the business of the said company was held and being operated by them in trust for the said Henry M. Loud. The plaintiff testified that said Henry M. Loud solicited his services in said suit, but that he declined the same, because of his said arrangement and contract with the defendants. But the defendants did not employ him in said suit, as they ought to have done under the contract, by which failure to employ him he was damaged in the sum of $1,000.

Mr. Gay died early in the year 1884. After Mr. Gay's death, the defendant Henry N. Loud asked plaintiff for his bill. His settlements with the company had always been made by mail, and his bills were rendered to the Oscoda Salt & Lumber Company. February 21, 1884, after this request of Loud, he mailed his last bill to the company. It amounted in all to $1,920.17. The company credited him with $620.17, rejecting the $1,000 claim and the retainer charges.

The court, at the conclusion of the plaintiff's testimony, directed a verdict for the defendants, upon the ground that, as to the charges for retainer, the contract was made in October, 1881, and was void under the statute of frauds because the same was to continue longer than one year;

and that, as to the $1,000 item, the testimony showed that the defendants were trustees, and that the beneficiaries of such trust were Henry M. Loud, Aaron F. Gay, and Charles Winchester, and that therefore the contest in the suit of Henry M. Loud against Winchester and the others was a contest between those persons interested in the company, and really constituting the Oscoda Salt & Lumber Company; and that such a contest or suit did not come within the purview of the plaintiff's contract, which was to prosecute and defend the suits for and against the company, and not that he should be employed in litigation between the members of such company; that the suit of *Loud v. Winchester* was not in any respect a suit against the Oscoda Salt & Lumber Company, but a struggle between the beneficiaries of the trust held by said company, to determine the rights of such beneficiaries in the business and property of the company.

The court was right as regards the $1,000. The plaintiff himself testified that the defendants were trustees for H. M. Loud, Gay, and Winchester; that after Winchester "was paid what was coming to him, the balance was to go to Loud and Gay." The suit would not, therefore, come under the terms of his contract, which evidently related to suits for and against the company in the prosecution and operation of their business as trustees, and not to a contest between the beneficiaries of their trust, in which they were incidentally involved by reason of their trusteeship.

In relation to the $300 for retainers, it is claimed in support of the ruling of the circuit judge that, as the plaintiff's own evidence shows that Mr. Gay was interested in, and one of the chief beneficiaries in the property of, the Oscoda Salt & Lumber Company, and that he was dead at the time of the trial, the plaintiff's evidence as

to the contract with Gay was not admissible under the statute, and should have been stricken out, as moved by defendants' counsel on the trial.

We think this claim is correct. The Oscoda Salt & Lumber Company was in fact a copartnership, in which Winchester, Henry M. Loud, and Aaron F. Gay were the parties interested, and the real partners. The defendants were ·the trustees for this copartnership, and managing the business for the three persons above mentioned. The plaintiff made no contract with either one of the trustees. His contract was with Gay as the business agent of these trustees. He testifies that his contract was with the Oscoda Salt & Lumber Company; and all his bills were rendered to that company, and not to the defendants. He understood also whom he was dealing with, and that these trustees had no interest in the business of the company save the faithful execution of their trust.

If he obtains a judgment against these trustees, they must either pay the same out of their own pockets or out of the trust fund. If paid out of their own funds, they will pay for something they never had and never contracted for. If paid out of the trust fund, the estate of Gay must pay its share. We do not think these trustees are liable individually to the plaintiff. If he can recover against them at all it must be as trustees of the Oscoda Salt & Lumber Company, in which event the trust property must pay the debt. In such case they stand as the representatives of the beneficiaries, of which Gay was one. The testimony of the contract made with him, therefore, was not admissible under the statute. Laws of 1885, p. 156.

The judgment of the court below will be affirmed, with costs.

SHERWOOD, C. J., CHAMPLIN and CAMPBELL, JJ., concurred. LONG, J., did not sit.