ELIZA WILSON v. THE ESTATE OF HELEN WILSON,
DECEASED.

*Married woman—Bond—Evidence—Matters equally within knowledge of deceased person.*

1. A married woman is liable upon a joint and several bond, signed by herself and husband, given as security for money borrowed *by her*, and used in building a house upon *her* land.
2. This Court has gone no further than to hold that it is not sufficient to warrant a recovery against the wife upon the joint obligation of herself and husband to simply show that the materials for which the obligation was given went to improve her separate property; citing *Emery v. Lord*, 26 Mich. 431.
3. The testimony of a daughter of a claimant against the estate of a deceased person, as to admissions made by the deceased, is not incompetent under How. Stat. § 7545, prohibiting the opposite party from testifying to matters which, if true, must have been equally within the knowledge of the deceased.

Error to Wayne.    (Brevoort, J.)    Submitted on briefs April 23, 1890.    Decided May 2, 1890.

Appeal from allowance of an account by commissioners on claims.    Judgment of circuit court, in favor of claimant, affirmed.    The facts are stated in the opinion.

*Thomas Hislop*, for appellant, contended:

1. The court should have directed a verdict for the estate, for the reason that the claimant was bound not only to make out a *prima facie* case, but to prove the liability of the deceased on the bond, which she has failed to do.
2. When a husband and wife unite in a bond or note, and there is no evidence as to whom the money was paid or the consideration moved, or to whom the credit was given, as in this case, there is no presumption against the wife, and she must be considered a surety only, and the husband's property is the primary fund for the payment; citing *Bayler v. Com.*, 40 Penn. St. 37; *Vartie v. Underwood*, 18 Barb. 561; *McCausland v. King*, 60 Mich. 70; *Ins. Co. v. Bank*, 68 Id. 116.

*E. H. Sellers*, for claimant, contended for the doctrine stated in the opinion.

GRANT, J. The commissioners, appointed by the probate court to hear and determine claims against the estate of Helen Wilson, deceased, allowed the claim of Eliza Wilson for $1,624.58. The administrator appealed from this allowance to the circuit court. The case was tried in that court before a jury, resulting in a verdict and judgment in favor of the claimant. The administrator brings the case into this Court by writ of error.

Plaintiff introduced in evidence a bond dated May 1, 1875, executed by George Wilson and Nellie Wilson, the deceased, for the sum of $1,400, with interest at 7 per cent., and running to Henry and Eliza Wilson. Henry Wilson assigned all his interest in the bond to Eliza. Annual payments of interest were indorsed on the bond to and including the year 1885. George and Helen Wilson were husband and wife at the time the bond was executed. It is claimed that this money was obtained by Helen for her sole benefit, and was used in erecting a house upon land of which she was the owner in fee. It is conceded that she owned the land, and there is no doubt but that about that time she erected the house upon the land.

Mrs. Martha Harris, the daughter of Henry and Eliza Wilson, testified, under objection, that Helen Wilson told her, shortly before the erection of the house, that she was going to borrow the money from her father and mother. Her testimony was competent. It was not within the inhibition of How. Stat. § 7545, prohibiting the opposite party from testifying to matters which, if true, must have been equally within the knowledge of a deceased party, in a suit prosecuted or defended by the heirs, assigns, legatees, or personal representatives of such

deceased person. Another witness, by the name of Adams, who was not related to any of the parties, testified that Helen Wilson told him that she obtained the money with which to build the house from her husband's parents, Henry and Eliza Wilson.

This was, in substance, all the testimony on the part of plaintiff. The defendant introduced no evidence. The court thereupon charged the jury that, if they were not convinced that Mrs. Harris and Mr. Adams told the truth, then the plaintiff could not recover; that if they were satisfied that deceased borrowed the money, and that it was used for the benefit of her estate, then the plaintiff was entitled to recover, notwithstanding the fact that deceased was a married woman, and that she and her husband signed the bond; but that, if she and her husband jointly borrowed the money, their verdict must be for the defendant.

The circuit court correctly charged the jury, and it is difficult to conceive how the charge could have been more favorable to defendant, or how the jury could honestly have reached any other conclusion. The only evidence in the case bearing upon the question was that she borrowed the money, and that it was used for her sole benefit. Under these circumstances, she was liable. The facts are entirely different from those in *Reed v. Buys*, 44 Mich. 81. In that case the sole defense was that the note was not given for any purpose relating to her own property or interest, and it appeared conclusively that such was the case. In the case at bar it appears equally conclusive that the bond was given for purposes relating to her own property. But at all events, the jury have so found, and that is conclusive upon us.

The position taken by counsel for defendant, that, inasmuch as George Wilson became in law liable upon the bond, his wife was not liable, although she borrowed

the money for use upon her own separate estate, is unsound, and unsupported by authority. None of the cases cited hint at any such doctrine. This Court has gone no further than to hold that it is not sufficient to warrant a recovery against the wife upon their joint obligation to show only that the materials for which their joint obligation was given went to improve her separate property. *Emery v. Lord*, 26 Mich. 431. It will appear from the statement of the charge above given that the trial judge recognized this distinction when he told the jury that they must be satisfied that she (Mrs. Wilson) borrowed the money.

The judgment is affirmed, with costs.

The other Justices concurred.