HENRY C. PENNY, ADMINISTRATOR OF THE ESTATE OF PHILINDA HURLBUT, DECEASED, v. JEROME CROUL.

[See 76 Mich. 471.]

*Witness—Evidence—Matters within knowledge of deceased person.*

1. An executor was sued in his *individual* character by the administrator of the estate of the widow of the testator for the conversion of certain bonds received from her after the testator's death, but before his will was probated. The executor inventoried the bonds as the property of the estate, and never claimed any personal interest in them. The administrator claimed that they were delivered to the executor for safe-keeping by the widow, who had received them as a gift from her husband during his life-time, which the executor denied, and claimed that the bonds were delivered to him with the understanding that he received them as the property of the estate, and with the free will and consent of the widow. And it is held (by the majority of the Court) that the real issue was between the two estates as to the ownership of the bonds, and that the executor was not disqualified from testifying as a witness under How. Stat. § 7545, which prohibits the *opposite party*, in a suit prosecuted or defended by the heirs or personal representatives of a deceased person, from testifying to facts equally within the knowledge of the decedent, but that an *heir of the widow* was so disqualified.

2. Chief Justice CHAMPLIN filed a dissenting opinion, concurred in by McGRATH, J., holding that, while the statute in question has been construed as embracing within its spirit the real as well as nominal parties to a suit, no well-considered case has made an exception of the *parties to the record*.

Error to Wayne. (Brevoort, J.) Argued May 13, 1891. Decided July 28, 1891.

*Assumpsit*. Defendant brings error. Reversed. The facts are stated in the opinions.

*Cutcheon, Stellwagen & Fleming* (*F. A. Baker*, of counsel), for appellant.

*William H. Wells,* for plaintiff.

[The contention of counsel is fully shown in the opinions, where the authorities are reviewed.—REPORTER.]

MORSE, J. I am satisfied that the defendant, Jerome Croul, was a competent witness in this case.

It was admitted upon the argument by plaintiff's counsel, as it conclusively appears from the record, that the defendant had not converted the bonds in question in this suit to his own individual use, but that he took possession of them for the estate of Chauncey Hurlbut, deceased, and has always held them for said estate. It appears that on his first step as executor of Chauncey Hurlbut's estate he inventoried these bonds as the property of such estate, and has ever since accounted to the probate court of Wayne county for them and the interest accruing upon them.[1] There is no disguising the issue in this suit. It is really a contest between the estates of Philinda and Chauncey Hurlbut for the ownership of these bonds. With such contest Jerome Croul has no concern, save as executor of the latter estate; and he has and claims to have no personal interest in the subject-matter of this suit. This is admitted by the counsel for plaintiff, and yet it is gravely asserted as a matter of law that the plaintiff has a right, by planting his action against Croul individually, not only to change apparently the whole outward face of the contest, but so to shape the conduct and issue upon the trial as to shut out the testimony of Croul as an "opposite party," and,

[1] Chauncey Hurlbut died September 9, 1885, and the defendant testified that he received the bonds in question of Philinda Hurlbut, September 14, 1885, as the property of Chauncey Hurlbut, and had always held them as belonging to his estate. The defendant and Philinda Hurlbut were named as executor and executrix in the will, and were appointed as such on the probate of the will, October 13, 1885, and gave the required bond, after which Mrs. Hurlbut took no further part in the administration of the estate.

as a consequence thereof, to recover a large sum of money from him personally out of a transaction in which it is admitted he acted as executor, and not for himself, and which he is not allowed to explain, though fraud is charged against him as such executor. There is no excuse for this course, because by the action of Croul the bonds or their proceeds have not been lost to plaintiff's intestate or her heirs. The estate of Chauncey Hurlbut is amply sufficient to pay the judgment in this case twice over.

When we come to examine the question whether or not Mrs. Williams was a competent witness for the plaintiff, it will be plainly apparent why this suit was planted against Jerome Croul individually, and not against him as executor. By making him individually the party defendant, the plaintiff has succeeded, under the interpretation of the statute by the court below, to which I shall soon refer, in proving his case by the principal heir of Mrs. Hurlbut, and has closed the mouth of Croul against a denial of her story. If this is a correct construction of the statute, then it is capable of being made the instrument of the most outrageous injustice, when its enactment was intended to prevent fraud and injustice, and it opens a way by which the estates of deceased persons may be more easily robbed than if no such statute existed; and that, too, by the testimony of those whom the statute intended to debar from giving evidence in their own behalf of facts equally within the knowledge of the deceased.

The statute, as it now exists (Act No. 139, Laws of 1885), having been frequently amended since its first enactment, reads as follows:

"When a suit or proceeding is prosecuted or defended by the heirs, assigns, devisees, legatees, or personal rep-

resentatives of a deceased person, the *opposite party, if examined as a witness on his own behalf,* shall not be admitted to testify at all to matters which, if true, must have been equally within the knowledge of such deceased person: * * * *Provided,* that whenever the words ' the opposite party ' occur in this section, it shall be deemed to include the assignors or assignees of the claim, or any part thereof, in controversy."

It is evident that this statute is intended to reach the real party in interest, and not a mere nominal party, who is not interested in the result of the allowance or disallowance of the claim against the estate of a deceased person, except as it becomes his duty as executor or administrator to prosecute or defend a suit in which the estate is interested. The proviso was attached in 1885, no doubt, for the express purpose of preventing 'the practice, which prevailed under the statute before such amendment, of assigning the claim against the estate of a deceased person, and then having the assignor sworn as a witness to prove it. The proviso not only cuts off this method of evading it, but also goes further, and prohibits the assignee from testifying, who, in the absence of a fraudulent intent to evade the law in taking the assignment, would be the person to be benefited by the allowance of the claim. It will thus be seen that the Legislature intended not only that the party owning the claim should not be permitted to testify to the matters equally within the knowledge of the deceased person, but also to prevent any evasion of the statute. It was in this view of the statute that we held in *Duryea v. Granger's Estate,* 66 Mich. 593, that an administratrix, if not interested in the estate as heir or otherwise, was not the "opposite party" mentioned in the statute, and against whom its prohibition runs; citing the fact that in *Howard v. Patrick,* 38 Mich. 795, the administratrix

was held within the statute, for the reason that she was also an heir to the estate of her intestate. It was said in *Duryea v. Granger's Estate* that the suit might well have been entitled *" The Estate of Joseph Granger, Deceased, v. The Estate of Edward Granger, Deceased."* And in this case now under consideration it might well be entitled *" The Estate of Philinda Hurlbut, Deceased, v. The Estate of Chauncey Hurlbut, Deceased,"* as the real controversy is without doubt between these two estates. And while it is necessary that these two estates should be represented by the respective executors as nominal parties, that persons may be before the court, the real contest is none the less between the estates of the deceased persons, in which the executors have no personal interest, and are affected only as they represent the estate. Notice also the language of the statute, "the opposite party, *if examined as a witness on his own behalf,"* clearly indicating that he is not to be permitted to testify "in his own behalf"—in other words, in his own interest —as against one whose lips are closed by death.

In the suit which we are considering, the claim against the defendant was established by the testimony of Mary Ann Williams, who was a niece and heir of Philinda Hurlbut, and Margaret Williams, a daughter of Mary Ann Williams. It appeared clearly from their evidence, before the plaintiff closed his case, that Croul took possession of the bonds and held them as the executor of Chauncey Hurlbut's estate. Margaret Williams testified that Mrs. Hurlbut called for her bonds, and wanted Croul to bring them back to her; that Croul put her off for a while, and then said: " Those bonds were never calculated for you. They belong to Chauncey Hurlbut's estate;" and that she could not prove that they belonged to her. It was not claimed by any of plaintiff's witnesses that Croul was trying to get any personal benefit

from these bonds; and it was apparent when the plaintiff rested that Croul was not the real defendant, but only nominally so, because he had been sued in his individual name; that the real defendant was the estate of Chauncey Hurlbut. The defense then showed the proceedings in the probate court,—the filing of the inventory by Croul, in which these bonds were placed as the property of Chauncey Hurlbut's estate; and Jerome Croul's accounts as executor, in which he accounted to said estate for the interest upon the bonds. It was also shown that there had been no distribution of the assets of the estate, and that Philinda Hurlbut in her life-time, and on October 1, 1885, gave him the following receipt for the interest upon these bonds, by such receipt recognizing that he held them as executor of her husband's estate:

"Received, Detroit, October 1, 1885, from Jerome Croul, 40 coupons of $10 each, $400, cut from four per cent. U. S. bonds *belonging to the estate of Chauncey Hurlbut, deceased.*

"PHILINDA HURLBUT."

But when Mr. Croul attempted to state the conversation with Mrs. Hurlbut by which he became possessed of the bonds, or any material circumstance connected with his possession or holding of the same, equally within the knowledge of Mrs. Hurlbut, he was prevented from testifying, under the ruling of the court that he was the "opposite party" mentioned in and intended by the statute, and therefore incompetent to give evidence of any fact equally within the knowledge of plaintiff's intestate. The ruling of the court was erroneous.

Another important question arises in the case: Was Mary Ann Williams a competent witness on behalf of the plaintiff to any facts equally within the knowledge of Chauncey Hurlbut, deceased? She is an heir of Philinda Hurlbut, and, as such, interested in the result of the

suit. The nominal plaintiff is the administrator of Mrs. Hurlbut's estate, but Mrs. Williams is one of the real parties to the litigation. I think she comes clearly within the intent of the statute. This suit, as heretofore shown, is really a controversy between two estates. Neither Penny, the administrator of Mrs. Hurlbut, nor Jerome Croul, who is defending as the executor of Chauncey Hurlbut, can be said to be an "opposite party." The real parties are the opposite parties, and Mrs. Williams is one of them. The case of *Wright v. Wilson,* 17 Mich. 192, referred to in the brief of plaintiff's counsel, does not touch this case; and *Pendill v. Neuberger,* 64 Mich. 220, also cited to sustain the competency of Mrs. Williams as a witness, is not applicable. In the last case, a son an heir at law of a deceased party was held not disqualified to testify to a conversation between his deceased father and the defendant. The defendant was living. Had he been dead, and the suit being defended by his executor and administrator, the case would be in point. As it is, it has no relevancy to the issue here.

I do not deem it necessary to cite adjudications from other states. This is a question depending upon our own statutes, and I think has been settled by our own Court.

In *Howard v. Patrick,* 38 Mich. 795, and *Duryea v. Granger's Estate,* 66 Id. 593, the reasoning of the opinions would preclude Mrs. Williams from testifying to facts equally within the knowledge of Chauncey Hurlbut, upon the ground that she is an "opposite party" as against his estate. In the first case the testimony of Mrs. Howard was rejected. She was an heir of the estate, as well as administratrix. The question was mooted whether Mrs. Evans, a sister of Mrs. Howard, and equally with her an heir at law of her father, was a competent witness under the statute. It was passed,

however, without decision, because it was shown that
Mrs. Evans had assigned her interest in the claim, and
had no interest in the result of the suit. This was before
the amendment precluding an assignor from giving evi-
dence.

In *Bachelder v. Brown,* 47 Mich. 366, the real party,
who was defending the suit, brought by an executor
upon a promissory note, was held to be the real party
in interest, and therefore the "opposite party" of the
statute, within its meaning and intent, although he did
not appear upon the record as a party to the suit.

In keeping with this principle that the court should
look at the real, and not the nominal, parties in a cause,
is the case of *Wood v. Lenawee Circuit Judge,* 84 Mich.
521, where the question to be considered was an amend-
ment changing the names of parties to a suit. It was
there held that the heirs were the real parties to be
benefited by the litigation, and that, therefore, the sub-
stitution of their names for that of the administrator
was admissible.

It was also held in *Youngs v. Cunningham,* 57 Mich.
153, Mr. Justice CHAMPLIN writing the opinion, which
was concurred in by all the members of the Court, that B.
F. Cunningham, although not a party to the record,
was not a competent witness to testify to facts equally
within the knowledge of George Cunningham, deceased,
whose wife and children were defending in ejectment,
because said B. F. Cunningham had executed to the
plaintiff, Youngs, a warranty deed of the land in ques-
tion. The Court said:

"He was under covenant to sustain the title, and the
suit was in effect his suit to try the title to the land.
If not within the express letter, he comes within the
meaning and spirit, of the statute, and is precluded
thereby from testifying to facts equally within the knowl-
edge of the deceased."

In *Mundy v. Foster*, 31 Mich. 321, in a suit in chancery by a husband to have a trust-deed of his deceased wife declared void, and in which the trustees named in such deed were the parties defendant, in speaking of the husband's evidence, the Court said:

"When he assumed to testify to the verbal agreement [with his wife], his position, if not literally within the terms of the statute against admitting a surviving party to a transaction to testify in certain cases (Comp. Laws 1871, § 5968), was clearly within its policy; and, in my judgment, he was not a proper witness to prove the making of the contract."

It will be noticed that the statute since then has been broadened and made more far-reaching by amendments, all of which amendments have been on the road to reach the real parties in interest, and to preclude them from testifying to facts equally within the knowledge of the dead person, whose estate is sought to be depleted by such testimony in the interest of the party offering it.

The court erred in permitting Mary Ann Williams, an heir at law of Mrs. Hurlbut, to give evidence of conversations between Chauncey Hurlbut and his wife, and between said Hurlbut and the witness.

It is argued that the plaintiff had a right to plant this suit against Jerome Croul individually, that the action is one of bailment, and that it is doubtful if Croul could dispute the title of his bailor; but, in any event, the estate of Chauncey Hurlbut could not be bound by the result of this suit.

The right to plant this suit against Jerome Croul individually may be conceded, but the right to maintain it depends upon the facts and circumstances proven in the case. In our opinion, it must be conceded that Jerome Croul had the right to show that he received these bonds of Philinda Hurlbut, of her own free will and consent, and on the understanding that he received

them by virtue of his being appointed one of the executors under the will of Chauncey Hurlbut, and as the property of said estate; and that he has the right to come in and defend as such executor, and to maintain and prove by competent testimony that the bonds never belonged to Philinda Hurlbut or her estate, but have ever been, and now are, the property of Chauncey Hurlbut, and belong to his estate,—and the estate will be bound in such case by the result of the litigation.

In *Hillman v. Schwenk and Miller*, 68 Mich. 297, and *Hillman v. Schwenk*, Id. 301, a similar case, the executor of an estate was permitted to indemnify the defendant, and assume the defense of a suit brought upon a promissory note; and it was held by so doing the estate would be bound by the result; and, further, that in such case the plaintiff would be precluded from testifying to facts equally within the knowledge of the deceased, although the maker of the note was the person sued and the defendant of record. The issue in those cases was similar to the issue in this. The plaintiff claimed to have obtained the note from the testator by purchase before his death. The executor defended upon the ground that there was no such purchase. Here the claim to the bonds is that they were a gift. The executor's defense is that there was no gift. In the *Hillman v. Schwenk* cases the defendants had no interest in the result, except to pay the note to whom it might be found to belong; and in this case Jerome Croul individually has and claims no interest in these bonds. His only concern is to account to the owner of them. The defense that he is making is the defense of Jerome Croul as executor, which it would have been his duty to have made had the bonds been in the hands of a third person, and such third person had been made a defendant in this suit instead of Croul. He could have stepped in, had the third person

been sued, and defended as the executor of Chauncey Hurlbut, under the authority of *Hillman v. Schwenk,* and under every principle of law and justice; and we know of no reason why he cannot equally and as well defend as executor in case the suit is planted against him individually, instead of being brought against another, when the issue is the same, to wit: Do the bonds belong to the estate of Philinda Hurlbut or to the estate of Chauncey Hurlbut?

The judgment of the court below must be reversed, and a new trial granted, with costs of this Court to defendant.

LONG and GRANT, JJ., concurred with MORSE, J.

CHAMPLIN, C. J. *(dissenting.)* The plaintiff is the administrator of the estate of Philinda Hurlbut, deceased, and as such brought this suit in *assumpsit* against the defendant to recover the value of 40 United States government bonds, which plaintiff claims the deceased in her life-time placed in defendant's hands for safe-keeping, to be redelivered to her on demand; and that she demanded them, and he refused to deliver them to her, but claimed that they were the property of the estate of Chauncey Hurlbut, deceased, of which he was executor.

Chauncey Hurlbut, at and prior to July 4, 1885, was the owner of the bonds in question. He had in 1879 made a will, which was after his decease admitted to probate, in which he gave his wife his horses, carriages, household furniture, and $10,000 absolutely, and the income of the estate for her life. After her death a few small bequests were to be paid, and the residue of the estate went to trustees for the perpetual benefit of the Detroit Water-Works. *Penny v. Croul,* 76 Mich. 471. Chauncey Hurlbut died September 9, 1885, and his will was admitted to probate October 13, 1885. He left

Philinda Hurlbut, his wife, surviving him, and no child. Jerome Croul and Philinda Hurlbut were appointed executors, and they qualified; but Philinda Hurlbut never took any part in the execution of the trusts of the will, or in the administration of the estate. She died October 4, 1886, intestate, and the plaintiff in this suit was appointed administrator of her estate. Mrs. Hurlbut had no children. Her father and mother died before she did. Mary Ann Williams is her niece, and Margaret Williams is a daughter of Mary Ann.

It is claimed on the part of the plaintiff that Chauncey Hurlbut, on the 4th day of July, 1885, gave to his wife, Philinda, 40 United States government bonds of the denomination of $1,000 each, and accompanied the gift by immediate personal delivery, in the presence of Mary A. Williams; and upon the trial of this cause the plaintiff introduced testimony to establish such gift *inter vivos*. One of the witnesses produced to establish the facts upon which the plaintiff relies for a recovery is Mrs. Mary Ann Williams, and her competency to testify in the cause under the statute presently mentioned is challenged by defendant.

The plaintiff also claims that after Mr. Hurlbut's death the defendant, Croul, was at the house of the widow, and was informed by her of the gift to her of the aforesaid bonds, and that defendant, Croul, represented that it was very dangerous to keep such bonds in the house,—that there was danger of their being murdered,—and offered to take care of the bonds by placing them in a safe, and promised, if Mrs. Hurlbut would do so, that she might cut off the coupons, and that he would deliver them to her whenever she demanded them; and thereupon she delivered them to him for safe-keeping. The exact date at which this occurred is not given by the plaintiff's witnesses. Margaret Williams testified

that it was after the probate of the will. Mrs. Williams also thinks it was after the will was proved, but is not certain that it was not before.

Mr. Jerome Croul testified that he received the bonds in suit on the 14th day of September, 1885, as the property of Chauncey Hurlbut, and that he had always held them as the property of Chauncey Hurlbut; that they were received by him from Mrs. Hurlbut, in the presence of John Lund.

The witness Alexander McArthur testified in behalf of the plaintiff that he had a conversation with the defendant about four months after the funeral of Chauncey Hurlbut, in which Croul said that "he had got $40,000 in bonds of the old lady; and I asked him how he done that, and he said, 'I got them for safe-keeping,' and that 'she never would smell them again.'" Mr. Croul was sworn in his own behalf, and testified that Mr. Lund was present when he received the bonds from Mrs. Hurlbut; but Lund was not called to dispute or contradict the testimony given by plaintiff's witnesses as to what transpired on that occasion.

The fact that October 1, 1885, Mrs. Hurlbut signed a receipt for $400 for the coupons, in which Croul had inserted the statement, "Cut from four per cent. U. S. bonds belonging to the estate of Chauncey Hurlbut, deceased," was not conclusive that those bonds belonged to the estate of Chauncey Hurlbut. If the bonds were Mrs. Hurlbut's individual property, she was entitled to the interest; and likewise was she entitled if they belonged to the estate, as the will gave her the whole income during her life-time. The defendant was permitted to introduce any evidence which he had to show that the bonds belonged to the estate of Chauncey Hurlbut at the time of his death, and this receipt was competent testimony to be considered as tending to show

that the bonds belonged in fact to the Hurlbut estate. Defendant, Croul, offered to testify fully to the interview with Mrs. Hurlbut when he received the bonds from her, but it was excluded under the statute.

It is error to suppose that if Penny, as the administrator of the estate of Mrs. Hurlbut, had brought this action against Croul as executor of the last will of Chauncey Hurlbut, deceased, he would have been a competent witness to testify to facts which, if true, were equally within the knowledge of the deceased, Mrs. Hurlbut. The statute is not based upon the interest or disinterestedness of a party who seeks to testify as a witness, but upon the injustice and impropriety of permitting a party to an action with a representative of a deceased party to testify at all to matters within the knowledge of the deceased, whose executor or administrator has brought or is defending the suit. The mere fact that he is sued as executor would not permit him in a court of law to open his mouth to testify to facts which the other party could not testify to, because his mouth is sealed by death. The law never intended such an absurdity. If it had intended to make an exception in favor of the opposite party who should chance to be appointed executor or administrator, it would have so declared. There is no more reason for repealing the plain provisions of the statute by judicial fiat in favor of executors and administrators than there is in favor of any other disinterested parties; and the law makes no exception in favor of disinterested parties. While the statute has been construed as embracing within its spirit the real as well as nominal parties to a suit, no well-considered case has made an exception of the parties to the record. This will be apparent from a review of our decisions upon that section of the statute.

In the case of *Downey v. Andrus*, 43 Mich. 65, all of the cases to that time were reviewed.

In *Eccard v. Brush*, 48 Mich. 3, a suit against executors and trustees, held, that complainant could not testify to matters equally within the knowledge of the deceased.

In *Rayburn v. Lumber Co.*, 57 Mich. 273, held, that the opposite party cannot be permitted to testify to matters equally within the knowledge of a deceased officer of the company sued, nor of a deceased partner in a suit against a partnership.

In *Foster v. Hill*, 55 Mich. 540, the bill was filed by the widow and some of the heirs of a deceased person against another heir to set aside a deed executed by the deceased in his life-time, on the ground that it had been obtained by fraud and forgery. Held, that the parties were excluded from testifying as to matters equally within the knowledge of the deceased.

In *Schratz v. Schratz*, 35 Mich. 485, it was held that the statute applies where the knowledge which the deceased had was proved through letters passing between the parties; and it was held, further, that counsel had a right to cross-examine, to ascertain fully with reference to such matters testified to which were equally within the knowledge of the deceased party, and might then move to strike out the whole of such testimony because incompetent under the statute. The testimony elicited on cross-examination is the testimony given in behalf of the party calling the witness.

In *Brown v. Bell*, 58 Mich. 58, it was held that this statute did not apply to proceedings to probate a will, on the ground that until the will was probated there was no representative of the deceased, and no one who could be called an opposite party to such representative. The same doctrine was held in *Schofield v. Walker*, 58 Mich. 96.

In *McClintock's Appeal*, 58 Mich. 155, it was held that proceedings upon distribution of the estates of deceased persons did not come within the section of the statute, and that all the heirs might be compelled to testify; that it was in effect a suit between the distributees, who each represented his own interest.

In *McMillan v. Bissell*, 63 Mich. 66, the bill was filed by the executors of the last will of Hugh Moffat, deceased, against the daughter and son-in-law of the deceased.

The daughter was the residuary legatee of one share he had left, and the son-in-law was also a legatee, so far as the share should be applied to an indebtedness due from him to the estate. Held, that they could not testify to any fact equally within the knowledge of the deceased while living.

In *Stackable v. Stackable's Estate*, 65 Mich. 515, it was held that a married woman, who had a husband living, who had boarded the deceased, was not entitled to the money due for board, and could not present a claim therefor against the estate without an assignment from her husband; and that she was an assignee within this statute, which precludes assignees from testifying to facts within the knowledge of the deceased party.

In *Buffum v. Porter*, 70 Mich. 623, the bill was brought against a purchaser from the heirs of a deceased person. Held, that complainant was not a competent witness.

In *Hillman v. Schwenk*, 68 Mich. 297, held, that the testator's personal property vests in the executor for the purpose of administering the estate; and that, where suit was brought upon a note which the defendant claimed belonged to the deceased party at his death, and the executor indemnified the defendant, and took upon himself the defense of the suit, the plaintiff was disqualified from testifying; and held, also, that legatees and devisees do not represent the estate in the prosecution or defense of suits.

In *Taylor v. Bunker*, 68 Mich. 258, plaintiff brought' suit against an administrator. Held, that the testimony was not rendered admissible by the fact that other parties were present and had knowledge of the matters testified to equally with the deceased.

In *Hood v. Olin*, 68 Mich. 165, the plaintiff claimed title to certain property as mortgagee under a mortgage by one Nead, and brought replevin against the firm of Ware & Olin. During the pendency of the suit Ware died. Held, that the statute did not prevent Nead from testifying to matters equally within the knowledge of Ware or the firm.

*Bassett v. Shepardson*, 52 Mich. 3, announces the general doctrine.

In *Singer Manfg. Co. v. Benjamin*, 55 Mich. 330, the action was replevin, brought against the defendant individually. Held, that defendant in replevin, under a plea of the general issue, could show that plaintiff had

no right to possession when suit was commenced, and for this purpose could show that he was special administrator of a deceased person who was the owner of the goods at the time of his death; and, having shown that he defended in a representative capacity, a witness, who had been agent of the plaintiff corporation, was excluded from testifying to matters which, if true, were equally within the knowledge of the deceased, and which knowledge the witness acquired while he was agent.

In *Hillman v. Schwenk*, 68 Mich. 293, held that, in a suit brought to recover upon a note made payable to a person since deceased, indorsed by said deceased in his life-time, and which note, it was claimed, belonged to the deceased at the time of his death, and had been improperly obtained by the plaintiff, and where a legatee was assuming the defense, this fact did not prohibit the plaintiff from testifying as to matters equally within the knowledge of the deceased.

In *M'Cutcheon v. Loud*, 71 Mich. 433, plaintiff made a contract with one Gay, who was trustee for a firm of which he was a member. Gay died. Held, that plaintiff could not testify to the contract made with Gay, as the suit was brought against and defended by the surviving partners.

*Lautenshlager v. Lautenshlager*, 80 Mich. 290, 291, was a proceeding to probate what was claimed to be a will, and it was held that the statute did not apply to such proceedings.

In *Wilson v. Wilson's Estate*, 80 Mich. 472, Eliza Wilson presented a claim before the commissioners on claims in the estate of Helen Wilson, deceased. Held, that a daughter of the claimant was a competent witness to testify to matters equally within the knowledge of the deceased.

In *Lake v. Nolan*, 81 Mich. 115, it was held, in a controversy between an alleged grantee and a widow claiming her dower right, that the statute did not apply.

In *Barker v. Hebbard*, 81 Mich. 267, after the trial defendant died, and upon the second trial the plaintiff offered to introduce a stenographer's minutes of what plaintiff swore to on the first trial. Held excluded by the statute.

*Jackson v. Cole*, 81 Mich. 440, was not a suit wherein the representative of the decedent was a party to the record. Plaintiff sued defendant upon a claim against

him, assigned to her by her husband in his life-time.
Held, that she was a competent witness to testify to the
assignment.

In *Lyttle v. Railway Co.*, 84 Mich. 298, held, that tes-
timony of a party is admissible as to matters equally
within the knowledge of an agent of a corporation, since
deceased, if such matters testified about are also within
the knowledge of any surviving officer or agent of the
corporation.

There certainly is nothing in these authorities to sup-
port the contention that Croul is a competent witness to
testify to matters which were equally within the knowl-
edge of Philinda Hurlbut, because he claims these bonds
as an executor of the estate of Chauncey Hurlbut,
deceased.

If this reasoning is to prevail which is claimed by the
defendant's counsel, we have a case prosecuted and de-
fended by the representatives of deceased persons, where the
statute says the opposite party shall not be permitted to
testify, and yet where they both can testify. The estate can-
not testify. The estate is not supposed to be in pos-
session of facts about which it can speak, even if per-
mitted to by the statute. I always supposed that the
estate of a deceased person is the property left by the
person upon his death, and that the legal title to per-
sonal property vested in the executor or administrator,
and that the person having the legal title to the prop-
erty is the real party in interest. It is said that exec-
utors are merely agents of the estate, and not parties to
the suit. If mere agents, and not parties, then death
would have no effect to abate the suit; the party would
be still before the court. But, as I read the statute, an
agent, though sued, is not exempt from the prohibition
of the statute. An agent may possess knowledge of facts
which were equally within the knowledge of the deceased,
and, if sued by a representative of the deceased as a

party, he could hardly be permitted to testify to such matters by showing that he was an agent. Indeed, the deceased may have been his principal, and the suit may have arisen out of that relation.

The case of *Duryea v. Granger's Estate*, 66 Mich. 599, is relied upon to support the contention that Croul is a competent witness. The case was not reversed upon that ground. Two of the Judges merely concurred in reversing, without assenting to the reasons given for the reversal. That was a case of a claim presented against the estate of a deceased party. This is not.

Counsel for the defendant say in their brief that this "case may well be entitled '*The Estate of Philinda Hurlbut, Deceased, v. The Estate of Chauncey Hurlbut, Deceased.*'" There is no principle of pleading or practice which will authorize a cause to be so entitled, even if it had been against Jerome Croul, executor of the estate of Chauncey Hurlbut, deceased. Cases should be entitled with the names of the parties to the suit. In a suit brought by an executor or administrator, the administrator or executor is the party, and not the estate. The parties to the suit determine how the papers in the suit should be entitled, but the entitling never determines who are the parties. It would be a novel way to determine who is "the opposite party" under the statute by entitling papers in the suit in any particular name. Would a declaration which commenced with "The Estate of Philinda Hurlbut, plaintiff in this suit, files this declaration against the estate of Chauncey Hurlbut in a plea of," etc., bring any parties before the court? Is there any rule of pleading heretofore discovered that would sanction such pleading? Yet, in order to evade the statute, and build up a fictitious construction, the estate must be invested with an entity, and called a

party to the suit, to let in the representatives of the deceased to testify, when the statute plainly forbids it! Where the suit is between representatives of deceased parties the statute prohibits *both* of those representatives from testifying; yet, under this construction, by a strange metamorphosis, both can testify simply by calling the suit one between two estates! Croul, as executor, is not a mere nominal or disinterested party. If the property belongs to him as executor, he is really the party possessed of the legal title. Does the statute permit him, even if he is so invested with the legal title, and is seeking to defend it, to testify to facts which were in the knowledge of the deceased party, who, in her lifetime, claimed to own the property, and whose administrator is seeking to recover it for her, and whose title Croul is disputing.

Before proceeding to the determination of the competency of the witnesses, it is necessary to consider the character in which the parties to this suit stand before the court. It is claimed that the question of the competency of the witnesses should be considered as if the suit were instituted against Jerome Croul in his representative capacity as executor of the last will of Chauncey Hurlbut. But I do not accede to this proposition. According to his own testimony, he must have received these bonds in his individual capacity, before he was appointed executor, and before the will was admitted to probate. If the bonds were the property of Philinda Hurlbut, it can make no difference how he regarded them. It is possible that she might, after he had collected the avails from the United States, and turned them into the estate, have maintained an action for money had and received against him as executor, so as to be reimbursed out of the assets of the estate. *De*

*Valengin's Admrs. v. Duffy,* 14 Pet. 282; *Baring v. Putnam,* 1 Holmes, 261; *Conger v. Atwood,* 28 Ohio St. 134. The general rule is that, where the executor does some act or makes some promise after the decease of the testator, he is chargeable in his individual capacity, and not as executor. The exception is limited to cases where the transaction which constituted the cause of action arose in the life-time of the deceased. Such is not this case. The transaction which constitutes the cause of action here arose after the decease of Chauncey Hurlbut, and is based upon a contract of bailment between Jerome Croul and Philinda Hurlbut. As a general rule, a bailee cannot dispute the title of bailor, but it is a defense to an action brought against him by the bailor for non-delivery of the subject bailed that it was taken by or delivered to a person having paramount title and right of possession. In such case the burden of proof is upon the bailee. In this case Jerome Croul, the individual, and Jerome Croul, as executor of the last will of Chauncey Hurlbut, deceased, are two distinct persons in the law. One represents Jerome Croul, the individual, and the other represents the estate of Chauncey Hurlbut, deceased. It was just as competent for him to show in defense for not delivering these bonds that they belonged to him as executor, as it would have been to show, if such had been the fact, that they belonged to the Preston National Bank. Although that defense was open to him, and he was not shut out from it in this case, yet he, *as executor,* was no more a party to the suit than would the Preston National Bank have been had he sought to show that he had delivered the bonds to it on demand, and that it had the paramount title and right to the possession thereof.

The important issue in the suit was, in whom was the paramount title? and this should be borne in mind in

testing the competency of the witnesses to testify in this cause. The plaintiff, as administrator of the estate of Philinda Hurlbut, claimed the paramount title, which was delivered through an executed gift of the bonds by Chauncey Hurlbut to Philinda Hurlbut. The defendant claims that the paramount title was in the executor of the last will of Chauncey Hurlbut. Individually he made no claim to the bonds, but denied his liability as bailee. Neither in this suit did the estate of Chauncey Hurlbut claim the bonds. Jerome Croul individually made the claim that he had delivered the bonds to the executor of Chauncey Hurlbut's estate.

The statute referred to reads as follows:

"That when a suit or proceeding is prosecuted or defended by the heirs, assigns, devisees, legatees, or personal representatives of a deceased person, the opposite party, if examined as a witness on his own behalf, shall not be admitted to testify at all to matters which, if true, must have been equally within the knowledge of such deceased person." How. Stat. § 7545.

This suit is prosecuted by plaintiff as the representative of Philinda Hurlbut, deceased, against Jerome Croul in his individual capacity; and, as he is the opposite party, he is excluded by the plain terms of the statute. A judgment in this case will not bind the assets of the estate of Chauncey Hurlbut in the hands of the executor, and cannot be collected by the plaintiff out of such assets. He was therefore not a competent witness to testify to matters equally within the knowledge of Philinda Hurlbut. *Yerkes v. Blodgett,* 48 Mich. 211; *Downey v. Andrus,* 43 Id. 65; *Bassett v. Shepardson,* 52 Id. 3.

*Bachelder v. Brown,* 47 Mich. 366, is cited as supporting the contention of the defendant. That case holds that where an executor brings suit upon negotiable paper, and a third person claims the paper, and takes upon himself the defense of the suit upon that ground, such

third person is deemed an opposite party to the executor, and cannot testify to facts which, if true, must have been within the knowledge of the deceased. We adhere to the principle there asserted. It shows that, if it were true that the third party here, viz., Jerome Croul, as executor, and representing the estate of Chauncey Hurlbut, claims the bonds, and has taken upon himself, as such executor, the defense of the suit, he is not a competent witness to testify to any facts which, if true, were equally within the knowledge of Mrs. Hurlbut. The mistake which it seems to me the counsel for the defendant make is the assumption that Jerome Croul is not the real party defendant, when in point of fact and law he is. As before stated, if he could have been made liable as executor (which is at least doubtful), the plaintiff having elected to proceed againt him individually, he is bound by the election, and defendant must respond in damages, unless he, as an individual, can show he has delivered the bonds to a person who has a title paramount to that of the administrator.

Mrs. Williams was a competent witness for the plaintiff. The suit was not defended by the personal representatives of a deceased party. This disposes of the errors assigned.

The defendant was permitted to introduce any competent testimony tending to show that the bonds in question belonged to the estate of Chauncey Hurlbut, and also that he had always treated them as belonging to the estate; that he had included them in his inventory, and had accounted for both principal and interest to the estate. The estate is not yet closed, and if he has acted under a mistake of fact it is presumed it may be rectified.

The court instructed the jury that the plaintiff must establish the fact claimed by him that the bonds in

question were given by Mr. Hurlbut to his wife, Philinda Hurlbut, and delivered to her, by a preponderance of evidence, and that the burden of proof was upon the plaintiff upon that issue; and in conclusion he said:

" If you believe from all the evidence that these bonds, at the time Mr. Hurlbut died, were found in the house, and given to Mr. Croul after his death,—were not the property of Mrs. Hurlbut,—then your verdict will be for the defendant. If you find from the evidence that they were the property of Mrs. Hurlbut at the time of Mr. Hurlbut's death, then your verdict will be for the plaintiff."

I think the judgment should be affirmed.

McGRATH, J., concurred with CHAMPLIN, C. J.