Cheshire,
April 2, 1940. } No. 3146.

NOE MAE HODGEN, *Ex'x* v. PRENTISS W. TAYLOR, *Ex'r*.

*Howard B. Lane* and *Gardner C. Turner* (*Mr. Turner* orally), for the plaintiff.

*Roy M. Pickard*, for the defendant.

*Per Curiam.*　The plaintiff argues that "she is only nominally a party by virtue of being named the legal representative of her husband in his will" and hence that she is not a "party" within the meaning of the statute. (P. L., *c.* 336, *s.* 27).　If it were established that the plaintiff is only a nominal party to these proceedings, it might be thought that there was some merit to her contention.　See Penny v. Croul, 87 Mich. 15, and note on "Right of surviving spouse, heir or next of kin to testify in favor of the estate" in L. R. A., 1918 C, 918.　It appears, however, that she is not only the executrix of the will of Joseph Hodgen, but also his widow and it must be assumed, in the absence of a contrary finding, that she has the usual rights of a widow in her husband's estate.　Under these circumstances she is a plaintiff in interest as well as in name, and the case is governed by the decision in *Perkins* v. *Perkins*, 68 N. H. 264, where the defendant claimed certain bank deposits "as executrix and sole legatee" of her husband and was not permitted to testify

"in regard to conversations and transactions between her husband and Mary A. Perkins" the plaintiff's intestate.

*Exception overruled.*