NEWBURY L. WALKER v. JOEL H. GILLETT, MARIA GIL-
LETT, AND EZRA S. KNOWLES.

*Mortgage—Foreclosure—Lost note—Indemnity.*

The appellant, who purchased of his co-defendants the land covered by the mortgage sought to be foreclosed in this suit, subject to said mortgage, which he verbally agreed to pay, is held entitled to indemnity in substantial compliance with How. Stat. §§ 7518, 7519, which authorize the recovery of a judgment by the party claiming the amount due on a negotiable promissory note, lost while belonging to him, upon his executing to the adverse party a bond indemnifying him against all claims by any other person on account of said note.

Appeal from Jackson. (Peck, J.) Argued November 23, 1893. Decided December 4, 1893.

Bill to foreclose a mortgage. Defendant Knowles appeals. Decree modified and affirmed. The facts are stated in the opinion.

*D. P. Sagendorph,* for complainant.

*Bailey & Janes,* for appellant.

MONTGOMERY, J. Complainant filed this bill to foreclose a mortgage on land. The mortgage was given by Joel H. Gillett and wife, who subsequently conveyed to defendant Knowles, subject to the mortgage.[1] The mortgage refers

---

[1] Knowles testified that he agreed verbally to pay the mortgage.

to a note given as collateral, and the bill of complaint sets out that there was such a note, and offers to produce and prove the same at the hearing. On the hearing a note was produced, signed by the mortgagors; but it appeared that the instrument produced was given long after the date of the mortgage, and was given with the purpose either of supplying the omission to make out a note at the time, or to supply the place of the note given with the mortgage, which had been lost. The defendant Knowles, in his answer, states that he is willing to pay the note and mortgage on an indemnity against its appearance in other hands. The complainant contends that there was in fact no note accompanying the mortgage, but the scrivener who drew the mortgage testifies that there was a note, and this testimony is not satisfactorily met by complainant. We think the defendant Knowles entitled to indemnity in substantial compliance with sections 7518, 7519, How. Stat. See *Yerkes v. Blodgett*, 48 Mich. 211.

The decree will be so modified as to require payment of the amount due upon the mortgage within 30 days after filing of such indemnity. The defendant Knowles will recover costs of this Court. No costs will be awarded either party for proceedings at the circuit.

HOOKER, C. J., LONG and GRANT, JJ., concurred. McGRATH, J., did not sit.