SICK *v.* SCHUG.

BILLS AND NOTES—LOST INSTRUMENTS—ACTION—EVIDENCE—PROOF
OF EXECUTION.
    As evidence tending to show that a lost note had, in fact,
    been given by the defendant, who denied executing it, it
    was admissible to show the nature of the transaction which
    resulted in the giving of the note.

Error to Wayne; Hosmer, J.  Submitted January
20, 1914.  (Docket No. 158.)  Decided March 27,
1914.

Assumpsit by George Sick against John B. Schug
for recovery upon a lost note.  Judgment for plaintiff.
Defendant brings error.  Affirmed.

*John Miner*, for appellant.

*Ignatius J. Salliotte*, for appellee.

MOORE, J.  We quote the following statement of
facts from the brief of counsel for appellant:

'The action in this case is assumpsit, on the com-
mon money counts, with copy of note attached, and
was begun on May 10, 1912, by filing a declaration
with rule to plead.  Appearance was duly entered by
the defendant on May 21, 1912, and a demand for a
bill of particulars of plaintiff's demand under the com-
mon counts of the declaration was made.  On August
14th the plaintiff filed his bill of particulars, * * *
in which he stated his claim to be the principal and
interest upon the note, a copy of which was attached
to the declaration.  On August 30, 1912, the defendant
filed his affidavit denying the execution of the instru-
ment referred to, with his plea of the general issue.
On the 28th of April, 1913, the plaintiff filed an in-
demnity bond under the statute providing for the re-
covery upon lost instruments (3 Comp. Laws,
§ 10184), and on June 6, 1913, the issue came on for

trial before a jury. At the opening by the plaintiff to the jury, it was stated that the note had been lost before the suit was begun. Thereupon, after the plaintiff was sworn as a witness on his own behalf, the defendant objected to the introduction of any testimony under the declaration, which objection was overruled, and the trial proceeded resulting in a verdict and judgment for the plaintiff."

To the foregoing statement of facts should be added that the following appears at the close of the charge of the judge:

"If the counsel desires me to say anything more with reference to the matter, I will be glad to hear from them at the present time. Swear the officers, if you please.

"*Mr. Miner:* I would ask the court that, before a verdict is rendered for the amount stated, $602.50, they must find that a note existed.

"*The Court:* Oh! There is no doubt about that. There is no question about that. That is the issue here. Follow the officer."

We again quote from the appellant's brief:

"The only issue upon the record was the execution and existence at any time of the promissory note sued upon, and therefore evidence tending to show an indebtedness from the defendant to the plaintiff was immaterial and irrelevant, and constituted harmful error."

We cannot agree with counsel. It was the claim of the plaintiff that he loaned to his nephew, the defendant, $500, and took his note for it, which was afterwards lost, and was the note upon which suit was brought. The defendant filed an affidavit denying the execution of the note, and he also denied it upon the trial. As bearing upon the question of the probability of a note being given, it was competent to show the transaction. The jury was instructed that, unless there was a note made, there could be no recovery. Section 10183, 3 Comp. Laws (5 How. Stat.

[2d Ed.] § 12828), allows a recovery upon a lost note. Section 10184 requires an indemnity bond to be given before recovery can be had. This was done. See *Coon* v. *Bouchard,* 74 Mich. 486 (42 N. W. 72); *Walker* v. *Gillett,* 98 Mich. 59 (56 N. W. 1052).

We discover no reversible error in the case.

Judgment is affirmed.

McALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER BIRD, and STEERE, JJ., concurred.